## Shoemaker *versus* Stiles.

1. A receipt is like any other parol admission of the party signing it, and is open to explanation or correction; and he may show that it was made by mistake or does not exhibit the true state of facts.

2. In an action by a client against his attorney, to recover certain money collected by the latter for the former, in a previous suit, but claimed by the attorney as fees, etc., the defendant put in evidence a receipt setting out the whole amount collected by defendant $5,502.81, and deducting "for fees, etc." $1,000, which receipt was signed by the plaintiff "in full as above." There was testimony to show that the defendant contracted with the plaintiff for ten per cent. of the amount which should be recovered, and also that the plaintiff did not consider the receipt a final settlement, the $1,000 there deducted being more than 10 per cent. The court withdrew everything from the jury except the single question

[Shoemaker *v.* Stiles.]

of the genuineness of the receipt, and a verdict was rendered for the defendant.

*Held,* to be error; and that the evidence should have been submitted to the jury, and if found by them to establish a contract with the defendant for a compensation of ten per cent. of the damages recovered, the plaintiff would have been entitled to a verdict.

3. A rule of court requiring that depositions of an aged and infirm witness must be filed within twenty days from the taking and certification thereof, is reasonable and not inconsistent with any statute. Conceding that the court below could properly have sustained the motion to file the deposition nunc pro tunc, there is no ground for reversing the order refusing the motion.

March 7th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the court of Common Pleas of *Lehigh county:* Of January Term 1883, No. 252.

This was an action on the case by Stephen Shoemaker, administrator of William Saeger, deceased, against John D. Stiles, to recover certain money received by the defendant as attorney for Saeger, in his lifetime, but claimed by the defendant for counsel fees.

On the trial, before ALBRIGHT, P. J., the following facts appeared: On December 23d 1869, Saeger recovered a verdict against the Lehigh Valley Railroad Company, in an action of damages, for the negligence of the company in burning his barn, and subsequently judgment was entered thereon for $5,118.90. On March 23d 1871, the amount of this judgment with interest, in all $5,502.81, was paid to Stiles as attorney for Saeger, and the costs of witnesses, $161.40, were paid to the prothonotary of Bucks county, whither the case had been removed.

During the same month Saeger went to Stiles' office, and received from him $4,402.81, receipting for the same as follows:

| WILLIAM SAEGER *v.* LEHIGH VALLEY R. R. Co. | In Common Pleas of Lehigh and Bucks Counties. | | |
|---|---|---|---|
| December 23d 1869, verdict, | . . . | | $5118 90 |
| Interest from Dec. 23d 1869, to March 23d 1871, | | | 383 91 |
| | | | $5502 81 |
| Deduct fees, etc., | . . | $1000 00 | |
| Note, . . . . | | 100 00 | 1100 00 |
| | | | $4402 81 |

Received the above sum of four thousand four hundred and two dollars and eighty-one cents, in full as above.

WILLIAM SAEGER.

Saeger afterwards paid his witness fees, and in July 1871, Mr. James, who had been associated with Stiles as counsel for Saeger, under a written order from Saeger to Stiles, which was transferred by the latter to James, received the $161.40 which had been deposited with the prothonotary, and, as alleged by the plaintiff, retained the same as fees. After making several demands on Stiles for a further settlement, which was refused, Saeger brought suit. The case was called for trial in November 1879, but, owing to the sickness of Saeger, was continued; and on April 16th and May 10th 1880, his depositions were taken as an aged and infirm witness, but were not filed until August 15th following.

On June 12th Saeger died, and subsequently his administrator, Stephen Shoemaker, was substituted as plaintiff. The defendant excepted to the depositions on the ground that they were not filed within twenty days from taking and certification, as required by rule of court. Pending the exceptions, a motion was made to allow the depositions to be filed nunc pro tunc, but the motion was overruled, the exceptions sustained, and the depositions were not admitted. Exception. (Second assignment of error.)

James testified as follows, in reference to the understanding about fees :—" I got a letter from Mr. Stiles asking me to fix the fees. I replied to him, that as he was the senior counsel, I thought he should do so, but that if I fixed them under the agreement we had when he and Mr. Saeger were in my office, that I ought to have $500; that what he should have he was the best judge himself. That is the substance of what I wrote him. I afterwards received a letter from him, and he told me that Saeger would not and could not pay that, because he had a contract with him at ten per cent. I said : " Very well; if that is so, there is no fixing of fees about it, and it is customary to divide the fees, but you pay me what you think is right." That is about the substance. That, however, was my understanding between Stiles and Saeger at the time I was in consultation with them at my office. . . . . I was to get $500; the fee was contingent upon success; I was to get nothing except we gained it."

Certain letters from Stiles to James were also put in evidence, directing the latter to draw the costs and keep them, and tending to show Saeger's dissatisfaction with his settlement with Stiles.

The plaintiff submitted the following points: 1. "If the defendant made an unfair demand for fees, or sought to take an unfair and inequitable advantage of the plaintiff by the retention of more fees than justly due, he has forfeited his

right to any compensation whatever." Refused. (Third assignment of error.)

8. " If the testimony establishes the fact that the contract relation with the defendant was for a compensation of ten per cent. of damages recovered, then the plaintiff will be entitled to a verdict." Refused. (Sixth assignment of error.)

In the general charge the court instructed the jury, inter alia, as follows : " The receipt from Mr. Saeger to Mr. Stiles purports to be in full. There is no evidence that he received any money, other than that which is set forth in that receipt. . . . . . . In examining the testimony of the witnesses, and the letters which have been received in evidence, I fail to find anything which will warrant the jury in saying there was not good faith practiced by Mr. Stiles when he made this settlement with Mr. Saeger. For these reasons [the court will submit to you the single question as to whether or not it is proved that William Saeger signed this receipt. If you find from the evidence that the name of William Seager to the receipt is his signature, then I direct you to find a verdict in favor of the defendant.] If you do not find it was signed by him, your verdict will be in favor of the plaintiff for the amount of money received by Mr. Stiles." (First assignment of error.)

Verdict for the defendant, and judgment thereon, whereupon the plaintiff took this writ assigning for error, the rejection of the depositions, as above ; the refusal of his points, and that part of the general charge quoted in brackets.

*A. B. Longaker*, for plaintiff in error.—It was error to restrict the jury to the single fact of the validity of Saeger's signature to the receipt, because (1) the import of the receipt was not in full of all demands, but in full as above, to wit, as set forth in the statement ; (2) the etcetera was indefinite, and the defendant should have been compelled to explain it ; (3) there were in evidence letters from Stiles to James, written after the receipt, and contradictory of the fact that it was in full of all demands ; these should have been referred to the jury ; (4) James' testimony established the fact that Stiles had a contract with his client for ten per centum of the amount recovered ; and finally, as between attorney and client, the attorney must show that the client knew that the receipt was to be in full of all demands : Balsbaugh *v.* Frazer, 7 Harris 99 ; Fisher *v.* Knox, 1 Harris 624 ; Bredin *v.* Kingland, 4 Watts 420 ; Dickerson *v.* Pyle, 4 Phila. 259; County of Chester *v.* Barber, 1 Out. 455. The rules of court, No. 87 and 88, under which Saeger's depositions were excluded, are in conflict with the Acts of March 28th 1814, and March 26th 1827, 6 Sm. Laws 208 and 9 Id. 207, and with the practice established under

[Shoemaker *v.* Stiles.]

said Acts : Riegel *v.* Wilson, 10 P. F. S. 588; Speyerer *v.* Bennett's Executors, 29 P. F. S. 446 ; Pratt *v.* Patterson, 31 P. F. S. 114; Hagey *v.* Detweiler, 35 Pa. St. 412 ; Ankrim *v.* Sturges, 9 Barr 275 ; Dailey *v.* Green, 3 Harris 118 ; Haupt *v.* Henninger, 1 Wr. 140. Two sufficient causes were shown for filing the depositions nunc pro tunc ; the death of the witness, and the omission of the commissioner to file them.

*Evan Holben* (with whom was *R. E. Wright, Jr.*), for defendant in error.—The receipt was " in full as above," and there was nothing between the parties, except the matters set forth in the statement above the receipt ; no fraud, accident or mistake was alleged in regard to it, and certainly none was proved. The depositions were not filed within the time designated by the rule of court. Under section 21, Act of June 16th 1836, the court was authorized to make such a rule, which is not in conflict with the Constitution, or any Act of Assembly : Gannon *v.* Fritz, 29 P. F. S. 303. No sufficient cause was shown for filing the depositions nunc pro tunc, the result of which would have been, to allow the plaintiff the advantage of the testimony contained therein, while the defendant must have remained silent owing to the death of Saeger.

Mr. Justice TRUNKEY delivered the opinion of the court, April 16th 1883.

By itself the receipt is prima facie evidence that Saeger consented to the deduction of $1,000 by the defendant for his services ; but it is by no means conclusive. A receipt is like any other parol admission of the party, and is open to explanation or correction ; and he may show that it was made by mistake, or does not exhibit the real state of facts : Rusell *v.* Church, 65 Pa. St. 9 ; Wharton on Contracts, § 938.

The parties were attorney and client. That relation gives rise to great confidence and the attorney is presumed to have the power to strongly influence his client, and to gain by his good nature and credulity, and to obtain undue advantages and gratuities. Hence, the law often declares transactions between them void, which between other persons would be unobjectionable. Unless the transaction is fair and conscionable it is deemed a constructive fraud. This long established rule applies to this case, even if the receipt is taken as evidence of a settlement of the amount of fees for the services in the judgment therein recited. More than eighteen per centum was deducted for fees, and the plaintiff in the first place must show that the sum retained is larger than the services of the defendant were reasonably worth, or larger than agreed upon if there was an express contract. If he does, then the burden is cast upon the defendant to prove to the satisfaction of the jury that the sum was

retained by his client's agreement under circumstances that made it fair and conscionable.

Where there is a dispute respecting the amount of fees and the attorney acted in good faith, his right to compensation is not forfeited, should the jury find that he is entitled to a less sum than he claimed. But if he fraudulently claimed the right to retain out of the money of his client a larger sum than the jury find to be just, he forfeits all claim to any compensation whatever : Balsbaugh *v.* Fraser, 19 Pa. St. 95.

The testimony of Mr. James was sufficient to warrant a finding by the jury, that the defendant contracted with Saeger to conduct the suit against the Lehigh Valley Railroad Company for ten per centum of the amount recovered : also that James contracted for a contingent fee for services in the same case of $500. After the date of the receipt the defendant wrote an order in favor of James, which Saeger signed, for the costs, amounting to $160.40. James received the costs ; but nothing from the defendant except letters containing, among other things, urgent directions to draw the costs and not pay a cent to the witnesses or Saeger. These letters tend to show the manner of dealing between the parties, and Saeger's dissatisfaction. The evidence ought to have been submitted to the jury and considered in connection with the fact that the parties held the confidential relationship of attorney and client. It is now immaterial whether the defendant could rightfully have paid out of money in his hands, James' fee ; he did not. The first and sixth specifications of error must be sustained.

Courts have power to make rules respecting the filing of depositions and cannot be reversed for enforcing them. Rule No. 87 is reasonable, and not inconsistent with any statute. There are good reasons for requiring promptness in the filing of depositions, and it is incumbent on the party at whose instance they are taken to see that they are filed in time. If it be conceded that the court below could properly have directed the deposition to be filed nunc pro tunc, there is not ground shown for reversing the order refusing the motion.

Judgment reversed and venire facias de novo awarded.