436 A.2d 212

William O'CALLAGHAN, Individually and as Guardian ad
Litem for Maureen O'Callaghan, a minor, and
Elizabeth O'Callaghan

v.

Frank WEITZMAN and N. Carl Schwartz.

**Appeal of N. Carl SCHWARTZ.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed Oct. 16, 1981.

472

Barney B. Welsh, Philadelphia, for appellant.

George Gershenfeld, Philadelphia, for O'Callaghan, appellees.

Mitchel H. Klevan, Philadelphia, did not submit a brief on behalf of Weitzman, appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellees brought this action against appellant alleging fraud and legal malpractice arising from the settlement of a vehicular negligence accident in New Jersey. Following the lower court's granting of appellant's motion for compulsory nonsuit, appellees petitioned for a new trial.[1] The lower court granted appellees' petition in part, awarding a new trial on the issue of fraud only.[2] Appellant took this appeal alleging the lower court erred in granting the new trial.[3] We disagree and, accordingly, affirm the order of the lower court.

In reviewing the propriety of the lower court's actions, we note that a nonsuit may only be entered where the facts and circumstances lead unerringly to but one conclusion. *A. J. Aberman, Inc. v. Funk Building Corp.*, 278 Pa.Super. 385, 420 A.2d 594 (1980); *McNett v. Briggs*, 217 Pa.Super. 322, 272 A.2d 202 (1970). "It is hornbook law that a judgment of nonsuit can be entered only in clear cases and before it may be entered the plaintiff must be given the benefit of all reasonable inferences of fact arising therefrom; and all conflicts in the evidence must be resolved in its favor." *Tolbert v. Gillette*, 438 Pa. 63, 65, 260 A.2d 463, 464–65 (1970) (citations omitted). So viewed, the facts are as follows.

Appellees, William and Elizabeth O'Callaghan and their infant daughter Maureen, were injured in an automobile accident on November 16, 1957, in Bayonne, New Jersey. Subsequently, they retained Frank Weitzman, Esquire, to represent them in an action to recover damages from the other driver involved in the accident. Weitzman soon found

1. We note that the proper procedure would have been to petition to remove the compulsory nonsuit. *See* Pa.R.Civ.P. 227.1. However, because the trial court treated appellees' motion for a new trial as a petition to remove the nonsuit, and appellant has failed to object, we shall ignore any procedural defect.

2. Appellees have not appealed from the order of the lower court denying them a new trial on the issue of malpractice.

3. *See* Pa.R.A.P. 311(a)(5) (orders granting new trials are appealable).

it necessary to engage the services of appellant, an attorney with whom he shared offices.[4] Appellant, in turn, engaged Raymond Kassekert, Esquire, a member of the New Jersey bar, to institute suit against the other driver, a resident of New Jersey. Kassekert attempted to commence an action on behalf of the appellees on December 1, 1959, only to learn that the statute of limitations had already run as to the claims of the adult appellees.[5] Kassekert promptly alerted appellant and his own professional malpractice insurer as to his error. Despite having no authority to represent appellees in the malpractice claim, appellant negotiated with Kassekert's insurer and procured a $9,000 settlement offer for appellees. Appellees, having no idea that the settlement offer was for anything other than the original automobile accident, accepted the offer. Appellant received the $9,000 check from Kassekert's insurer, deducted his forty percent contingent fee, and gave appellees his personal check for the balance. Appellant never disclosed the true nature of the settlement he had obtained. In 1973, appellees first learned of the actual disposition of their earlier action, and subsequently brought this action against appellant and Weitzman,[6] alleging legal malpractice and fraud.

 Appellant contends that the trial court erred in granting appellees a new trial when their evidence was inconsistent and contradictory as to fraud, and nonexistent as to damages. The grant of a new trial is within the sound discretion of the trial court and will not be reversed absent a palpable abuse of discretion. *Burrell v. Philadelphia Electric Co.*, 438 Pa. 286, 288–89, 265 A.2d 516, 517–18 (1970). "Fraud is composed of a misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it to the damage of its victim." *Thomas v.*

4. Appellant was an experienced personal injury attorney residing in New Jersey and practicing in Pennsylvania.

5. Under New Jersey law, the statute of limitations on the minor's claim was tolled until she reached the age of majority.

6. Although Weitzman has also appealed, he has not submitted a brief. Consequently, we quash his appeal. *See* Pa.R.A.P. 2188.

*Seaman,* 451 Pa. 347, 350–51, 304 A.2d 134, 136–37 (1973). It is well settled that "the deliberate nondisclosure of a material fact amounts to a culpable misrepresentation no less than does an intentional affirmation of a material falsity." *Neuman v. Corn Exchange National Bank & Trust Co.,* 356 Pa. 442, 450–52, 51 A.2d 759, 764 (1947). "A party who relies on [a theory of] fraud to establish a claim has the burden of proving by clear and convincing evidence the facts upon which the alleged fraud is based." *Laughlin v. McConnel,* 201 Pa.Super. 180, 183–84, 191 A.2d 921, 923–24 (1963). The evidence must be sufficient to "enable the jury to come to a clear conviction, without hesitating, of the truth of the precise facts in issue." *Aliquippa National Bank v. Harvey,* 340 Pa. 223, 231–32, 16 A.2d 409, 413–14 (1940). Appellant argues first that the evidence presented by appellees is so inconsistent and contradictory as to be insufficient to establish fraud as a matter of law. While we note several variances on inessential aspects of their case, appellees' evidence with respect to the *essential elements* of the fraud allegation is consistent and sufficient to warrant submission of the issue to a jury. Appellant failed to inform appellees of the true nature of the settlement agreement. The purpose of this omission was to induce appellees to accept the settlement offer and unknowingly forgo any possible malpractice claim against appellant while still permitting appellant to collect a sizeable fee. Appellees relied upon appellant's misrepresentation and accepted the settlement offer without ever knowing the true source of the payments. Thus, we are satisfied that a jury could come to a clear conclusion that appellant had perpetrated a fraud upon appellees in obtaining the settlement.

Appellant argues next that appellees suffered no damage as a result of the alleged fraud. We disagree. As a result of appellant's misrepresentation, appellees lost the opportunity to present their original claim in court; they lost the opportunity to be compensated for the medical bills of their daughter, Maureen; and, foremost, they were denied the opportunity to have a *disinterested* advocate pursue

their malpractice claim against Kassekert. It is clear that a jury could find these losses to be compensable in an action for fraud. Accordingly, we cannot find that the lower court erred in granting appellees' motion for a new trial on the issue of fraud.

Order affirmed.