507 A.2d 848

David G. LEACH, and Frederick J. Close, t/a Boyd & Shriver, Appellants

v.

H.D. HOUGH and Robert W. Lambert, Individually and d/b/a the Van Lieu Oil Company, a Partnership, the Denton Corporation, Donald C. Frederick, Clyde E. Frederick, William Frederick, Richard Frederick, and Donald C. Frederick, Jr., Individually and d/b/a FF & R Oil and Gas, a Partnership, Robert W. Lambert.

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed April 1, 1986.

214

William T. Jorden, Meadville, for appellants.

James R. Schadel, Pittsburgh, for Lambert, appellee.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from the order, later reduced to judgment, of the Court of Common Pleas of Indiana County granting the preliminary objections in the nature of a demurrer of the defendant/appellee, Robert W. Lambert. We reverse and remand.

At the threshold of our consideration on this appeal is whether the order is appealable.

■ As a general rule, an order which sustains preliminary objections in the nature of a demurrer without dismissing the complaint or otherwise terminating the action between the parties is interlocutory, and, therefore, lacks the requisite finality to be an appealable order. *Hudock v. Donegal Mutual Insurance Co.*, 438 Pa. 272, 264 A.2d 668 (1970). Where, however, the order does, in effect, terminate the action as to certain members of the lawsuit, e.g., the plaintiff's action against one of the defendants in a multi-defendant complaint, it is a definitive and final order, and, thus, is appealable. *United States National Bank in Johnstown v. Johnson*, 506 Pa. 622, 487 A.2d 809 (1985); *Dash v. Wilap Corp.*, 343 Pa.Super. 584, 495 A.2d 950 (1985). The latter situation is reflective of the case instantly.

■ As an appellate court reviewing the approval of a demurrer, we must accept as true all well-pleaded material facts in the complaint as well as all inferences reasonably deducible therefrom. *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983). But, conclusions of law or unjustified inferences are not to be drawn from the face of the complaint. *Buchanan v. Brentwood Federal Savings and Loan Association*, 457 Pa. 135, 320 A.2d 117 (1974). Fur-

ther, in ruling on a demurrer, the court may consider only such matters as arise out of the complaint; it cannot supply a fact missing in the document under scrutiny. *Linda Coal and Supply Co. v. Tasa Coal Co.,* 416 Pa. 97, 204 A.2d 451 (1964). Lastly, if there is any doubt as to whether the preliminary objections should be granted, this should be resolved in favor of overruling the demurrer. *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A.2d 623 (1970).

With the preceding in mind, we will now examine the five-count complaint in equity filed by the plaintiffs/appellants, David G. Leach and Frederick J. Close, t/a Boyd & Shriver.

In Count I of the complaint, the plaintiffs alleged that H.D. Hough, a co-defendant in the suit, was hired as general manager of their Pennsylvania-based partnership, which was engaged in the production, leasing and drilling of oil and gas wells. In his capacity as general manager, Hough employed the services of Lambert, an attorney, "to represent the interests of Boyd & Shriver in preparing limited partnership agreements, contracts, performing title examinations and any other services incidental to representation of Boyd & Shriver." (Paragraph 26)

The complaint reads further that Lambert and Hough acted in concert to acquire at least 42 gas and oil leases throughout the Commonwealth, including one in New York State. These acquisitions, according to the plaintiffs, were "usurped" partnership opportunities that Lambert and Hough "should have secured and performed on behalf of Boyd & Shriver." (Paragraph 20) The plaintiffs charged that Lambert's covert acts, both individually and in conjunction with Hough, netted him profits and royalties in violation of his fiduciary duty to the partnership.

In addition to the claims regarding Lambert's breach of his fiduciary duty, the plaintiffs asserted that the defendant engaged in a course of conduct resulting in his securement of "excessive and fraudulent legal fees for services rendered." (Paragraph 30) Also, the plaintiffs averred that the defendant owed them $4,698.30 plus interest for subscribing

to a certain interest in an oil project, of Boyd & Shriver, known as the Bolivar Oil Projects. (Paragraph 31)

Preliminary objections were filed by Lambert contending that, except for the averments of paragraphs 30 & 31, the plaintiffs failed to set forth a cause of action against him. Therefore, he requested that either his demurrer or motion to dismiss for the plaintiffs' failure to state a cause of action be granted. Additional motions appear of record, but, because they are unrelated to the issue at bar, they do not concern us.

By opinion and order dated December 13, 1984, the court below granted Lambert's preliminary objections, which, in turn, dispensed with the need to rule on the Motion For More Specific Pleading. This appeal followed, and from our scrutiny of the record and briefs there is no indication that the other litigants, i.e., Hough, The Van Lieu Company, The Denton Corporation and the Fredericks, have been successful in having the suit terminated as to them.

Placed in perspective, we have for consideration only the legal sufficiency of the statement of claim in equity as a pleading. As a result, we do not concern ourselves with what the defendant may argue at trial. *Lichow v. Sowers*, 334 Pa. 353, 6 A.2d 285 (1939). Rather, we must decipher the precise relationship between the plaintiffs and the defendant, for upon this determination does the validity of the complaint hinge.

There is no dispute that Hough was hired by the plaintiffs "to manage all the affairs of Boyd & Shriver". Cloaked with such authority, Hough secured the services of Lambert "to represent the interests" of the plaintiffs not only to handle *specific* legal matters, but he was engaged to perform "any other services incidental to [the] representation of Boyd & Shriver." In the course of doing so, the plaintiffs claim, Lambert, contrary to the fiduciary duty owed to his clients/plaintiffs, "assisted" the co-defendant Hough in amassing a veritable gas and oil syndicate spanning two states and embracing some 42 operations in the field. These acquisitions and the profits that flowed there-

from, according to the plaintiffs, were partnership (Boyd & Shriver) opportunities converted by the defendant and Hough to their own interests. This course of conduct, contend the plaintiffs, was in violation of the duty of loyalty owed to the partnership (client) by Lambert (attorney).

Lambert's cardinal loyalty when he undertook to represent Boyd & Shriver was to his client, to whom he owed absolute candor, unswerving fidelity and undivided allegiance. It would appear that sometime during this affiliation the interests of Lambert were (purportedly) diverted from his client to self-aggrandizement.

It is well-settled in this jurisdiction that the "... relation [attorney—client] is so confidential in its nature that it calls for the exercise of the most perfect good faith ... [and] no shadow of anything like deception or unfair dealing upon the part of an attorney can be countenanced. [That is why i]n every case in which complaint is made, the courts will scrutinize the [facts] with jealous care to see that there is no relaxation of the rule. * * * 'Unless[, e.g., a] transaction is fair and conscionable, it is deemed constructive fraud.' * * *." *Martin's Petition*, 237 Pa. 159, 160–161, 85 A. 88, 89 (1912) (Citation omitted). Accord *Lynch v. Hook*, 298 Pa.Super. 27, 444 A.2d 157 (1982).

In the complaint, the plaintiffs' arguments encompass the retainment of Lambert's expertise as an attorney, and this indenture, read in a light most favorable to the complainants, was not limited solely to the performance of a single or series of act(s) on their behalf. Rather, the plaintiffs state that the defendant was hired to engage in "any ... services incidental to the representation of Boyd & Shriver."

To the extent that the court below embarks on a recitation of the "intent" of the parties in entering into an attorney-client relationship and the "nature" of the plaintiffs' business enterprise impacting upon the "type of work that defendant performed for the plaintiffs", we find the discussion to be an embellishment of the facts not sup-

ported by the complaint. (See Trial Opinion at 2–3). *Linda Coal and Supply Co. v. Tasa Coal Co., supra.*

■ Our reading of the complaint, drawing all reasonable inferences therefrom in favor of the plaintiffs, leads us to conclude that the nature and extent of the services (to be) rendered by Lambert, given the capacity in which he was employed, rendered him a party to a confidential relationship. As our Supreme Court has stated on this subject:

... what constitutes ... a confidential relationship ... [i]s not limited ... to one which arises from circumstances or relations preceding the occurrence which gives rise to the controversy.... It exists between two persons whenever "one has gained the confidence of the other and purports to act or advise with the other's interest in mind": Restatement, Restitution § 166; comment d. "Confidential relation is not confined to any specific association of the parties; it is one wherein a party is bound to act for the benefit of another, and can take no advantage to himself. It appears when the circumstances make it certain the parties do not deal on equal terms, but, on the one side there is an overmastering influence, or, on the other, weakness, dependence, or trust, justifiably reposed; in both an unfair advantage is possible. * * No precise language can define the limits of the relation or fetter the power of the court to control these conditions. * * * In some cases the confidential relation is a conclusion of law, in others it is a question of fact to be established by the evidence": *Leedom v. Palmer,* 274 Pa. 22, 25, 117 A. 410, 411, 412; *Null's Estate,* 302 Pa. 64, 68, 153 A. 137, 139; *McCown v. Fraser,* 327 Pa. 561, 564, 565, 192 A. 674, 676; *Ringer v. Finfrock,* 340 Pa. 458, 461, 462, 17 A.2d 348, 350. "A confidential relationship is not limited to any particular association of parties but exists wherever one occupies toward another such a position of advisor or counsellor as reasonably to inspire confidence that he will act in good faith for the other's interest": *Drob v. Jaffe,* 351 Pa. 297, 300, 41 A.2d 407, 408.

*Hamberg v. Barsky,* 355 Pa. 462, 465–466, 50 A.2d 345, 346–347 (1947).

■ Lambert, during the course of his employment for the plaintiffs, is alleged to have appropriated to his own benefit various gas and oil leases, conduct which, taking the averments in the complaint at face value, contravened the precept that one in whom is reposed a degree of trust, creating a confidential relationship or fiduciary duty, "is bound to act for the benefit of another, and can take no advantage to himself." *Id.* Such action is clearly at odds with the position taken by our Supreme Court that: " 'The attorney is not permitted by the law to take any advantage of his client.' " *Peyton v. Margiotti,* 398 Pa. 86, 93, 156 A.2d 865, 869 (1959), quoting *Berman v. Coakley,* 243 Mass. 348, 137 N.E. 667, 668 (1923). Under these circumstances, the defendant would be considered to have acquired the property in constructive trust for the plaintiffs and be required to account for any profits derived therefrom. This conclusion is consistent with the remarks of the Court in *Stewart v. Hooks,* 372 Pa. 542, 548, 94 A.2d 756, 759 (1953), wherein it is written:

65 C.J., Trusts, § 228:

"In general, a confidential relation, or fiduciary relation, the two terms being ordinarily used interchangeably, within the meaning of the rule that a constructive trust arises from the abuse or violation of such a relation, exists wherever confidence is reposed on one side and there is a resulting superiority and influence on the other. It has been said that there is no invariable rule which determines the existence of a confidential relationship, but that ordinarily there must be not only confidence of the one in the other, but also on the part of the former some inequality, dependence, weakness, want of knowledge, or other conditions giving to the latter some advantage over the former."

4 Pomeroy's Equity Jurisprudence 138:

"Thus constructive trusts have been imposed where the relation between the parties was that of principal and agent, attorney and client, husband and wife, parent and child, grandparent and grandchild, and the like in respect of transactions where the promisor was the dominant party. * * * A fiduciary relation exists where there is a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interest of the one reposing the confidence; it exists where confidence is reposed on the one side and resulting superiority and influence are found on the other side."

 While the law provides no magic formula by which the sufficiency of a plaintiff's complaint can be ascertained, the law is clear that a demurrer can only be granted in a case free from doubt. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970). In this regard, we hold that the court below misapplied the law to the facts. In other words, any doubt should have been resolved by the court below in favor of refusing to enter a demurrer. This did not occur. Thus, because we cannot state with certainty that the law will not permit the plaintiffs to recover on the basis of their allegations against Lambert, we will reverse the lower court's order sustaining Lambert's demurrer.

Also, our reading of the lower court's order, as supplemented by its opinion to us, would appear to encompass the allegations of the plaintiffs in respect to the questionable legal fees charged by the defendant and his incurring a debt still owed to them because of the Bolivar Oil Projects, although they were not the subject of any such preliminary objections by Lambert. In this regard, we also find that the lower court erred in holding that the plaintiffs "failed to state a cause of action against defendant Lambert."

We reverse and remand for proceedings consistent with this opinion. Jurisdiction is relinquished.