## Broeg v. Pivovar

C.P. of Monroe County, no. 9022 CIVIL 2005.

*Jason M. Leon,* for plaintiff.
*Kimberly G. Krupka,* for defendant Wilkins and Associates.
*Timothy B. Fisher,* for defendant Anderson and Associates.
*Peter Pivovar,* pro se.

CHESLOCK, *J.,* February 22, 2006—This matter comes before the court on defendant Wilkins and Associates Real Estate Inc.'s preliminary objections to plaintiff James Broeg's complaint. On November 14, 2005, plaintiff filed a complaint against defendants, Peter Pivovar, Wilkins and Associates Real Estate Inc. and Anderson and Associates LLC, concerning a real estate transaction. Plaintiff alleges that the Seller, Peter Pivovar, was represented by Wilkins at the time of the closing and that a property disclosure statement was completed by Seller on or about November 6, 2003. The plaintiff avers that the Seller failed to answer a question on whether the property sold was located in a flood zone or whether the Seller had any knowledge of flooding or drainage problems affecting the property. Plaintiff purchased property on May 10, 2005, and alleges that he experienced extreme and repeated flooding of the property thereafter. Plaintiff claims damages to material and personal property located on the lower level of the home, and, after experiencing flooding, it became apparent that there were previous problems with flooding and/or drainage for this property. The complaint avers that there was

rotted wood, water lines on the foundation and mold, indicating a water problem. The complaint avers that Wilkins was the Seller's agent and was negligent in its duty to fairly deal with Purchasers and ensure that the Seller fulfilled his duty to disclose material defects in the property. In particular, plaintiff alleges that Wilkins breached its duty by failing to complete the Seller Disclosure Form and submitting it to him unanswered. On December 12, 2005, Wilkins filed preliminary objections to plaintiff's complaint in the nature of a demurrer. The parties filed briefs in support of their respective positions and the matter was heard for oral argument on February 6, 2006. This matter is now ripe for disposition.

Pennsylvania Rule of Civil Procedure 1028(a)(4) states that preliminary objections may be filed by any party to a pleading and are limited to the following grounds:

"(a)(4) legal insufficiency of a pleading (demurrer);

"(b) All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading."

Preliminary objections asserting that a complaint fails to state a cause of action upon which relief can be granted is in the nature of a demurrer. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991). It is well established that preliminary objections in the nature of a demurrer admit as true all facts that are well pleaded allegations, including reasonable inferences deducible therefrom. *Sweatt v. Department of Corrections,* 769 A.2d 574, 576 (Pa. Commw. 2001). (citation omitted) In assessing preliminary objections in the nature of a demurrer, the court should sustain a demurrer and dismiss a complaint only

in cases which are free and clear from doubt. *Leach v. Hough,* 352 Pa. Super. 213, 507 A.2d 848 (1986). (citation omitted) Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Emerich v. Philadelphia Center for Human Development Inc.,* 554 Pa. 209, 720 A.2d 1032 (1998).

In its preliminary objections, Wilkins alleges that plaintiff's claim for negligent misrepresentation is legally insufficient in that it fails to set forth the necessary elements for a cause of action. In order to successfully allege negligent misrepresentation, the following elements must be satisfied:

"(1) a misrepresentation of a material fact;

"(2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge as to its truth or falsity or must make the representation under the circumstances in which he ought to have known of its falsity;

"(3) the representor must intend the representation to induce another to act on it; and

"(4) injury must result to the party acting in justifiable reliance on the misrepresentation." *Gibbs v. Ernst,* 538 Pa. 193, 210, 647 A.2d 882, 890 (1994). (citation omitted)

Instantly, Wilkins argues that plaintiff's claim against it must fail because Wilkins owed no duty to plaintiff and the claim set forth in his complaint is legally insufficient to support the cause of action. In essence, defendant argues that it owed plaintiff no duty in assisting the Seller with the preparation of Seller's Disclosure Form,

it had no duty to deal fairly with Purchasers or to ensure that the Seller had fulfilled his duty to disclose material defects in the property, and, therefore, Wilkins argues that it did not breach any duty by failing to have the Seller complete the Seller's Disclosure Form. In support of its position, Wilkins cites a case of *Bortz v. Noon,* 556 Pa. 489, 729 A.2d 555 (1999). In *Bortz,* the purchaser brought an action in equity against the venders, the real estate broker, brokers agent and title company regarding a septic system on the property in question. After closing on the property, the plaintiff experienced a problem with the septic system and later found out that the system had not passed the dye test. On appeal to the Supreme Court of Pennsylvania, the issue before the court was whether the agent had a duty to ascertain whether the septic system had actually passed the dye test and if failure to do so amounted to a misrepresentation to the buyer. In its holding, the Supreme Court held that the real estate broker had no duty to make an independent investigation of contractor's report where the real estate broker did not have an agency or contractual relationship with the third party.

In opposition, the plaintiff contends that it is well settled that a real estate broker can be held liable to third parties for damages, especially when a third party is a buyer. In the matter of *Slaybaugh v. Newman,* 330 Pa. Super. 216, 479 A.2d 517 (1984), the Superior Court suggested that real estate brokers and salesmen may be held accountable in damages by third-party purchasers for misrepresentation including failure to disclose material information. The court noted that a broker's responsibility for "knowingly making any substantial misrepresentation is the same whether they be made to his

principal or to any other person, if they are made in an attempt to effect a purchase or sale of real estate for another person." *Id.* at 224, 479 A.2d at 521. (citation omitted)

Instantly, plaintiff avers that Wilkins was Seller's agent and assisted or should have assisted Seller in the preparation of the Seller's Disclosure Form. The complaint further alleges that Wilkins had a duty to deal fairly with Purchasers and breached this duty by failing to complete the Seller's Disclosure Form as substantial and material portions of the document remain unanswered. However, in order to aver negligent misrepresentation, the complaint must allege misrepresentation of a material fact; and that Wilkins had knowledge of the misrepresentation or ought to have known of its falsity which representation induced plaintiff to purchase the real property. In reviewing plaintiff's complaint, we find that the elements necessary to maintain the cause of action of negligent misrepresentation have not been pled by the plaintiff. Plaintiff's complaint simply alleges that Wilkins owed him a duty to deal fairly and assist Seller in completing the Seller's Disclosure Form with full answers. The elements of negligent misrepresentation have not been plead by plaintiff. Accordingly, we will sustain defendant's demurrer. However, we will not withhold the right to amend for we believe there is some reasonable possibility that plaintiff will amend his complaint successfully.

In light of the foregoing, we enter the following order.

## ORDER

And now, February 22, 2006, upon consideration of defendant Wilkins and Associates Real Estate Inc.'s pre-

liminary objections and the response thereto, it is hereby ordered that defendant Wilkins and Associates Real Estate Inc.'s preliminary objections in the nature of a demurrer are sustained. It is hereby ordered that plaintiff is granted leave to amend his complaint consistent with this opinion within 20 days from the date of this order.