## Reed v. Advanced Radiology Services

C.P. of Monroe County, no. 5168 CIVIL 2005.

*James J. Conaboy,* for plaintiffs.
*Chris J. Carling,* for defendants.

CHESLOCK, *J.,* May 2, 2006—This matter is before the court on defendant Charles Kempf M.D.'s preliminary objections to plaintiffs' complaint. On July 6, 2005, plaintiffs, Marie R. Reed and Stephen J. Reed, her husband, commenced this action by filing a praecipe for writ of summons. Thereafter, on January 30, 2006, plaintiffs filed their complaint. The complaint alleges, inter alia, that Kempf was negligent in performing an examination of the left medial lateral oblique position of plaintiff,

Marie R. Reed's left breast. On July 18, 2003, Kempf performed a mammogram on the left breast of Marie. Plaintiffs alleged that Kempf released Marie from Advanced Radiology Services and the Center for Women's Well-Being without performing any further testing or ruling out the potential for cancer. Plaintiffs allege that approximately one year later on May 20, 2004, Marie, during a normal examination, was informed that she did have cancer in her left breast. Kempf filed preliminary objections to plaintiffs' complaint on January 30, 2006, alleging that paragraph 14(e) of Count I is insufficient as a matter of law. Paragraph 14(e) alleged that Kempf was negligent in his failure "to disclose all of the risks associated with his care and treatment of plaintiffs." Kempf argues that this language may permit plaintiffs to assert a theory of battery or lack of informed consent. This matter was scheduled for argument; however, the parties waived oral argument and the matter was submitted to the court on briefs. We are now prepared to dispose of this matter.

Pennsylvania Rule of Civil Procedure 1028(a)(4) states that preliminary objections may be filed by any party to a pleading and are limited to the following grounds:

"(a)(4) legal insufficiency of a pleading (demurrer);

"(b) All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading."

Preliminary objections asserting that a complaint fails to state a cause of action upon which relief can be granted is in the nature of a demurrer. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991). It is well established

that preliminary objections in the nature of a demurrer admit as true all facts that are well pleaded allegations, including reasonable inferences deducible therefrom. *Sweatt v. Department of Corrections,* 769 A.2d 574 (Pa. Commw. 2001). In assessing preliminary objections in the nature of a demurrer, the court should sustain a demurrer and dismiss a complaint only in cases which are free and clear from doubt. *Leach v. Hough,* 352 Pa. Super. 213, 507 A.2d 848 (1986). Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Emerich v. Philadelphia Center for Human Development,* 554 Pa. 209, 720 A.2d 1032 (1998).

It is the function of a pleading to put the opponent on notice of what he will be called upon to meet at trial and to define the issues for trial. See 2 Goodrich-Amram 2d, §1019:2.1 (2001). Pa.R.C.P. 1019(a) requires the content of pleadings to set forth material facts on which the cause of action or defense is based in a concise and summary form. "The purpose of [1019(a)] is to require the pleader to disclose the 'material facts' sufficient to enable the adverse party to prepare his case." *Baker v. Rangos,* 229 Pa. Super. 333, 349, 324 A.2d 498, 505 (1974), citing *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 225, 282 A.2d 335, 339 (1971). The *Baker* court further stated that "[a]llegations will withstand challenge under 1019(a) if (1) they contain averments of all the facts the plaintiff will eventually have to prove in order to recover . . . and (2) they are 'sufficiently specific so as to enable defendant to prepare his defense.'" *Id.* at 350, 324 A.2d at 505-506. (citations omitted) "Pa.R.C.P. 1019(a) has been construed to mean

that a complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim." *Krajsa v. Keypunch Inc.,* 424 Pa. Super. 230, 235, 622 A.2d 355, 357 (1993). (citation omitted)

Instantly, Kempf alleges that paragraph 14(e) of plaintiffs' complaint fails to sufficiently plead a claim for battery/lack of informed consent and as such the court must strike this paragraph so as to avoid future prejudice to him. In order to determine Kempf's preliminary objections, we must make an inquiry as to the law concerning battery/informed consent.

The case law in Pennsylvania is somewhat nebulous regarding the area of lack of informed consent. It has been held that the doctrine of informed consent applies only to surgeons who perform operations without first securing the informed consent of the patient. *Kelly v. Methodist Hospital,* 444 Pa. Super. 427, 431, 664 A.2d 148, 149 (1995). In the matter of *Kelly,* the Superior Court was asked to review the grant of preliminary objections in the nature of a demurrer asserting that the hospital owed no duty to a patient regarding informed consent. In determining whether the consent was informed, the court reviewed whether the physician disclosed to the patient all the facts, risks and alternatives which a reasonable person would deem significant in making a decision to undergo the recommended procedure. *Id.* The *Kelly* court determined that the hospital owed no duty to obtain a patient's informed consent by means of adopting regulations requiring a physician to obtain such consent. In essence, the court held that plaintiff's negligence-based informed consent claim against the hospital was

not viable. However, in reviewing the case, we find that the court determined that the doctrine of informed consent applied only to surgeons performing operations.

In the matter of *Morgan v. McPhail,* 449 Pa. Super. 71, 672 A.2d 1359 (1996), the court was asked to review preliminary objections of the doctor regarding informed consent. In that case, the court determined that the current state of the law in Pennsylvania on the doctrine of informed consent is applicable only where the patient is subject to a surgical or operative procedure. *Id.* (citation omitted) The court determined that informed consent has been consistently limited to a battery theory and declined to adopt a negligent theory.

Instantly, plaintiffs, in their brief, cite cases which establish the standard for lack of informed consent/battery actions. Throughout their brief, the plaintiffs cite cases in which the physician failed to advise patients of material facts, risks, complications and alternatives to surgery. Plaintiffs argue that we should extend the lack of informed consent in a situation where a physician does not discuss all the known risks with their patient. However, we are not willing to extend the doctrine of informed consent to situations where surgery is not pled within the complaint. A review of the plaintiffs' complaint indicates that the procedure for which Marie complains of is a mammogram and not a surgical procedure. Inasmuch as the complaint does not allege a surgical procedure, we find that plaintiffs have failed to set forth a proper cause of action sounding in battery/lack of informed consent.

Based upon the foregoing, we enter the following order:

230

## ORDER

And now, May 2, 2006, upon consideration of defendant Charles Kempf M.D.'s preliminary objections and the plaintiffs', Marie R. Reed and Stephen J. Reed, her husband, response thereto, it is hereby ordered that paragraph 14(e) of plaintiffs' complaint is stricken.