## Broeg v. Pivovar

C.P. of Monroe County, no. 9022 Civil 2005

*Jason Leon,* for plaintiff.
*Kimberly G. Krupka,* for defendants.

CHESLOCK, *J.* June 9, 2006—This matter once again comes to the court on defendant Wilkins and Associates Real Estate Inc.'s preliminary objections. Defendant objects to plaintiff James Broeg's amended complaint. On November 14, 2005, the plaintiff filed a complaint against the defendants, Peter Pivovar (seller), Wilkins and Associates Real Estate Inc. and Anderson and Associates LLC, concerning a real estate transaction. The plaintiff averred that the seller failed to answer questions on whether the property sold to him was located in a flood zone or had flooding or drainage problems which affected the property. On February 22, 2006, we sustained the defendant's preliminary objections and granted plain-

tiff leave to amend the complaint in a manner consistent with that opinion. Thereafter, on March 10, 2006, the plaintiff filed an amended complaint. On April 11, 2006, the defendant filed preliminary objections to the amended complaint as well as a praecipe for oral argument. This court heard oral argument June 5, 2006 and we are now prepared to rule on this matter.

Pennsylvania Rules of Civil Procedure 1028(a)(3)(4) state in pertinent part as follows:

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . .

"(3) insufficient specificity in a pleading;

"(4) legal insufficiency of a pleading (demurrer); . . .

"(b) All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading."

Preliminary objections asserting that a complaint fails to state a cause of action upon which relief can be granted is in the nature of a demurrer. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991). It is well established that preliminary objections in the nature of a demurrer admit as true all facts that are well pleaded allegations, including reasonable inferences deducible therefrom. *Sweatt v. Department of Corrections,* 769 A.2d 574 (Pa. Commw. 2001). In assessing preliminary objections in the nature of a demurrer, the court should sustain a dermurrer and dismiss a complaint only in cases which are free and clear from doubt. *Leach v. Hough,* 352 Pa. Super. 213, 507 A.2d 848 (1986). Where a doubt exists

as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Emerich v. Philadelphia Center for Human Development,* 554 Pa. 209, 720 A.2d 1032 (1998).

In its preliminary objections, defendant alleges that plaintiff's claim for negligent misrepresentation is legally insufficient in that it fails to set forth the necessary elements for a cause of action. In order to successfully allege negligent misrepresentation, the following elements must be satisfied:

"(1) a misrepresentation of a material fact;

"(2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge as to its truth or falsity or must make the representation under the circumstances in which he ought to have known of its falsity;

"(3) the representor must intend the representation to induce another to act on it; and

"(4) injury must result to the party acting in justifiable reliance on the misrepresentation." *Gibbs v. Ernst,* 538 Pa. 193, 210, 647 A.2d 882, 890 (1994). (citation omitted)

In this matter, the defendant claims that the plaintiff has failed to state a cause of action for negligence and/or negligent misrepresentation against it in his amended complaint. In reviewing the plaintiff's amended complaint, we find that the plaintiff avers that the seller utilized the services of the defendant as his agent in the real estate transaction. The plaintiff avers that the defendant assisted the seller in preparing the seller's disclosure statement and as such had a duty to deal fairly with the pur-

chasers and insure that the seller fulfilled his duty under the Real Estate Seller's Disclosure Law by disclosing material defects in the property. Furthermore, the plaintiff alleges that defendant breached its duty by leaving substantial obvious and material portions of the document unanswered or blank, which it knew or should have known of the falsity of the incomplete, incorrect or misleading information.

As stated above, in order to successfully allege a negligent misrepresentation, there must first be a misrepresentation of a material fact. Instantly, the plaintiff alleges that as the agent of the seller, the defendant presumably visited the property prior to listing it and failed to require the seller to provide full, fair, consistent and complete answers on the seller disclosure statement. In essence, plaintiff alleges defendants assisted seller in the water misrepresentation contained in the seller's disclosure form. The second element requires that the representor know either that the representation was false or that he should have known of its falsity. The amended complaint alleges that the seller avoided answering water related questions and that the defendant breached its duty as the agent for the seller or the Real Estate Seller's Disclosure Law by allowing the false, incomplete, incorrect or misleading information. Again, plaintiff alleges defendant's assistance in seller's misrepresentation of a material fact. Further, plaintiff alleges that he relied on the disclosure statement in purchasing the property and would not have purchased the property had disclosure of the defect been made to him. Finally, as to the fourth element, the plaintiff alleges injuries as a result thereof.

While the general rule is that a principal is responsible for the misrepresentation of his agent, plaintiff here asserts that the defendant be held liable for permitting the seller to misrepresent the condition of the premises sold to him. Plaintiff makes the argument that a real estate broker can be held liable to third parties for damages, especially when the third party is a buyer. Citing *Slaybaugh v. Newman,* 330 Pa. Super. 216, 479 A.2d 517 (1984). We find that this is an accurate statement of the law in that real estate brokers and salesman can be held accountable for damages by third parties for misrepresentation including the failure to disclose material facts. Moreover, it is well settled that a deliberate disclosure of a material fact amounts to culpable misrepresentation no less than an intentional affirmation of a material falsity. *O'Callaghan v. Weitzman,* 291 Pa. Super. 471, 436 A.2d 212 (1981).

In viewing the well-pleaded allegations as true, including all reasonable inferences deducible therefrom, we believe that plaintiff has alleged a cause of action against defendants. Although we believe that additional factual allegations may be produced during discovery in the future, defendant will have the opportunity to again challenge plaintiff's cause of action against him. Hence at this juncture of the proceedings, we will permit plaintiff's cause of action against defendant to go forward and overrule defendant's preliminary objections in the nature of a demurrer on this issue.

In its next preliminary objection, the defendant claims that the amended complaint lacks specificity. The defendant claims that in plaintiff's claim for negligent mis-

representation, he must aver that the defendant knew or should have known of a material misrepresentation of fact by seller. It is well settled in the law that it is the function of a pleading to put the opponent on notice of what he will be called upon to meet at trial and to define the issues for trial. See 2 Goodrich-Amram 2d §1019:2.1 (2001). Pennsylvania Civil Procedure 1019(a) requires the content of a pleading to set forth material facts upon which the cause of action or defense is based in a concise and summary form. "The purpose of Rule 1019(a) is to require the pleader to disclose the 'material fact' sufficient to enable an adverse party to prepare his case." *Baker v. Rangos,* 229 Pa. Super. 333, 349, 324 A.2d 498, 505 (1974), citing *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 225, 282 A.2d 335 339 (1971). The *Baker* court further stated that, "(a)llegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover . . . and (2) they are 'sufficiently specific as to enable defendant to prepare his defense.' " *Id.* at 350, 324 A.2d at 505-506. (citation omitted) "Pa.R.C.P. 1019(a) has been construed to mean that a complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim." *Krajsa v. Keypunch Inc.,* 424 Pa. Super. 230, 235, 622 A.2d 355, 357 (1993). (citation omitted)

In reviewing the plaintiff's amended complaint, we find that there are sufficient facts to apprise the defendant of the action against him and they are sufficiently specific so as to enable the defendant to prepare his de-

fense. The amended complaint alleges that the defendant forwarded the seller's disclosure statement with obvious deficiencies and blanks which plaintiff contends defendant aided the seller in preparing thereby assisting in the misrepresentation of material and/or omission of material fact. The plaintiff's amended complaint also alleges that the defendant presumably visited the property and upon viewing the property, in its training and experience, knew or should have known of the material defect in seller's disclosure statement. We believe that the amended complaint sufficiently apprises defendant of the action against him and many of the specific facts can be determined through the discovery process. As we set forth above, once discovery is complete, if defendant believes that the plaintiff's action must fail, the defendant may raise the issue at that time. However, at this juncture we are satisfied that the amended complaint is sufficiently specific and we will overrule the defendant's objections in this regard.

Based upon the foregoing, we enter the following order:

## ORDER

And now, June 9, 2006, upon consideration of the defendant, Wilkins and Associates Real Estate Inc.'s preliminary objections and the response thereto, it is hereby ordered that the defendant's preliminary objection in the nature of a demurrer and lack of specificity are overruled. The defendant shall file a responsive pleading to plaintiff's amended complaint within 20 days from the date of this order.