Friedman v. Poster

*Mark A. Primrose,* for plaintiff.
*Salvatore P.J. Vito,* for defendants.

CHESLOCK, *J.,* August 15, 2006—This matter comes to the court on an appeal from the district justice judgment which was entered on February 27, 2006, in favor of the plaintiff, Laszlo Friedman, and judgment entered against A.P. Sys. Inc. d/b/a Semper Fi Pump Srv. in the amount of $3,991. On March 23, 2006, the defendant, Joby Poster, filed a notice of appeal with the prothonotary's office and a rule to file a complaint was served upon the plaintiff. Thereafter, on April 25, 2006, the plaintiff filed his complaint alleging that the defendant improperly installed a grinder pump on plaintiff's property which did not function properly, causing damages to plaintiff. On May 12, 2006, the defendant filed preliminary objections and praeciped the matter for oral argument. Thereafter, on June 8, 2006, plaintiff filed an amended complaint which rendered moot the defendant's preliminary objections to plaintiff's complaint. On July 5, 2006, the defendants filed preliminary objections to plaintiff's amended complaint and a praecipe for argument and this matter was scheduled for oral argument before the court on August 7, 2006. The parties having filed their briefs in support of their respective positions, we are now prepared to dispose of this matter.

Pennsylvania Rule of Civil Procedure 1028(a)(4)(5) states in pertinent part as follows:

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

. . .

"(4) legal insufficiency of a pleading (demurrer);

"(5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action;

"(b) All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading."

Defendants' first preliminary objection is in the nature of a demurrer. Preliminary objections asserting that the plaintiff fails to state a cause of action upon which relief can be granted is in the nature of a demurrer. *Sutton v. Miller*, 405 Pa. Super. 213, 592 A.2d 83 (1991). It is well established that preliminary objections in the nature of a demurrer is admitted to all facts that are well pleaded allegations, including reasonable inferences deducible therefrom. *Sweatt v. Department of Corrections*, 769 A.2d 574 (Pa. Commw. 2001). In assessing preliminary objections in the nature of a demurrer, the court shall sustain a demurrer and dismiss a complaint only in cases which are free and clear from doubt. *Leach v. Hough*, 352 Pa. Super. 213, 507 A.2d 848 (1986). Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Emerich v. Philadelphia Center for Human Development Inc.,* 554 Pa. 209, 720 A.2d 1032 (1998).

The defendants' demurrer to the complaint alleges the invoice attached to the amended complaint sets forth the

corporation of Semper Fi Pump Service Inc. and despite the corporate designation on the invoice, plaintiff has sued Joby Poster and American Pumps and Systems Inc. d/b/a Semper Fi Pump Services. The court has done a search of the Pennsylvania Department of State Corporate Entities and found that there existed a business with the name of Semper Fi Pump Services Inc. which was created on April 22, 2002, and its registered office address is HC 12, Box 470, Dingman's Ferry, PA 18328. No corporate officers were indicated in the business records. In addition, the court found the name of American Pump System Inc., a domestic corporation, which was established on April 19, 1998. The president of American Pump is listed as Joseph Poster and the secretary and treasurer's name is Patricia Poster. The registered offices and all the addresses for American Pump System Inc. is listed as Star Route, Box 470, Dingman's Ferry, PA 18328. A review of the amended complaint demonstrates that Joby Poster has an address of HC 67, Box 470, Dingman's Ferry, PA and American Pump Systems Inc. d/b/a Semper Fi Pump Services has the same address.

Count I of the amended complaint alleges that an individual identified as Joby Poster guaranteed the pump not to fail or, in the alternative, to operate properly for a period of one year. Moreover, in Count II of the amended complaint, plaintiff avers that he does not know who the principals of Semper Fi are, since the corporate filings do not contain that information. The amended complaint avers that the invoice attached to plaintiff's original complaint has the name of Semper Fi Pump Services lined out and the name of Joby Poster handwritten on

the top of the invoice with the address listed as HC, Box 470, Dingman's Ferry, PA 18328.

In essence, the defendants have alleged in their preliminary objections that the plaintiff is attempting to pierce the corporate veil in this matter. "When making [a] determination of whether to pierce the corporate veil, [a] court must start from the general rule that . . . corporate entit[ies] should be recognized and upheld, unless specific, unusual circumstances call for an exception." *S.T. Hudson Engineers Inc. v. Camden Hotel Development Associates,* 747 A.2d 931, 935 (Pa. Super. 2000). "There is a strong presumption in Pennsylvania against piercing the corporate veil." *Miners Inc. v. Alpine Equipment Corporation,* 722 A.2d 691, 694 (Pa. Super. 1998).

In reviewing the plaintiff's amended complaint, we find that the well pleaded allegations, including reasonable inferences deducible therefrom, indicate that a cause of action has been set against Joby Poster. The allegations in the complaint indicate that he individually made representations that he would warranty the pump separately from the corporation. The warranty was for a period of one year. Hence, we find that the complaint clearly sets forth a cause of action against the defendant, Joby Poster.

In addition, the defendant argues that exhibit "A" attached to the complaint shows an invoice from the corporation Semper Fi Pump Services Inc. However, we find that in reviewing the exhibit attached to the complaint, the corporate designation was scored through and the name of Joby Poster was placed above it. We

find that the complaint reasonably sets forth why he does not know if Joby Poster had been working for American Pumps and Systems Inc. or doing business as Semper Fi Pump Services due to the lack of corporate information from the Pennsylvania Department of State. Furthermore, from our own research, we found the name of American Pump Systems Inc. is currently a business within the Commonwealth of Pennsylvania. The amended complaint designates it as American Pumps and Systems Inc., however, we believe the word "and" is insignificant in the corporate designation in which the defendant, Joseph Poster, is the principal. The amended complaint avers that Joby Poster worked for American Pump. Also, plaintiff alleges he called a telephone number for American Pump to have the necessary work completed. Since a demurrer may only be granted in cases which are clear and free from doubt, we believe plaintiff's claim must survive the pleading stage of this litigation.

The next objection raised by the defendants is non-joinder of a necessary party. The defendants argue that, as set forth in exhibit "A" of the original complaint, there is an invoice indicating Semper Fi Pump Services, which is not named as a party in this matter. However, as set forth above, the corporate name was lined out on the invoice and the name of Joby Poster was indicated above. Furthermore, the amended complaint lists American Pumps and System Inc. and a search of the corporate businesses in Pennsylvania indicates that there is a corporation listed as American Pump Systems Inc. The only variation on the name of the complaint is the word "and" which we believe is insignificant. Accordingly, we find

that, based upon the well pleaded allegations, Semper Fi Pump Services is not a necessary party and the preliminary objection must be overruled.

Based on the foregoing, the court enters the following order:

## ORDER

And now, August 15, 2006, the defendants, Joby Poster and American Pumps and Systems Inc. d/b/a Semper Fi Pump Services' preliminary objections to plaintiff, Laszlo Friedman's amended complaint are overruled.