BECK, Judge:
 

 Plaintiff-appellant challenges the trial court’s grant of defendants-appellees’ preliminary objections in the nature of a demurrer to each and every count of her complaint. Counts I, II and III of appellant’s complaint state claims of breach of contract and wrongful discharge against the employer-appellee. Counts IV, V, VI and VII state claims of interference with contract and civil conspiracy against the individual appellees, and Court VIII requests punitive damages. The trial court granted appellees’ preliminary objections to each of appellant’s claims because her complaint failed to adequately allege facts showing a) that an employment contract was formed between her and her employer, b) that the alleged interference was unprivileged, and c) that the individuals were not acting on behalf of their employer. The trial court also found that appellant’s request for punitive damages failed to constitute a cause of action in and of itself. Appellant argues the trial court erred in making each of the above determinations. After completely reviewing the record evidence and the relevant law, we agree that appellant’s claims each fail to state a cause of action and therefore, we affirm the trial court’s dismissal of appellant’s complaint.
 

 Our review of a trial court’s decision regarding preliminary objections in the nature of a demurrer is undertaken favoring the party opposing the preliminary objections. That is, we must accept as true all well pled facts included in the complaint that are material to the claims.
 
 Ward v. Serfas,
 
 387 Pa.Super. 425, 564 A.2d 251 (1989);
 
 Leach v.
 
 
 *373
 

 Hough,
 
 352 Pa.Super. 213, 507 A.2d 848 (1986). We must also accept as true all inferences that are reasonably deducible from the facts included in the complaint.
 
 Id; Creeger Brick v. Mid-State Bank,
 
 385 Pa.Super. 30, 560 A.2d 151 (1989). However, we will not accept unreasonable inferences of fact, nor will we necessarily accept plaintiffs conclusions of law derived from the complaint.
 
 Frankel v. Northeast Land Co.,
 
 391 Pa.Super. 226, 570 A.2d 1065 (1990);
 
 Leach, supra.
 
 Moreover, where any doubt exists- regarding the propriety of the preliminary objections, such doubt should be resolved by overruling the demurrer.
 
 Leach, supra.
 

 With this scope of review as a background, we consider the relevant facts of the instant matter. In or about 1982, pursuant to an agreement between the parties, the independently run National Institute for Adolescent Pregnancy and Family Services (the “Institute”) became part of the appellee, Temple University of the Commonwealth System of Higher Education (“Temple”). Pursuant to a Letter of Agreement between Temple and the Institute, Temple agreed to employ appellant, Lulu Mae Nix, who was currently an employee of the Institute, as Executive Director of the Institute with the right to “set criteria, interview, [and] accept or reject [personnel] as the [new] Institute's] needs require ...” Accordingly, Temple offered appellant the position and she accepted. Appellant readily admits that she did not have an employment agreement, expressed or implied, with Temple.
 

 During her employment, appellant initiated and prepared Temple’s application for a federal operational grant for the Institute. In preparing the application appellant requested that she be named its “principal investigator.” The proposed budget accompanying the grant application allegedly included a portion of appellant’s salary.
 

 At all times during appellant’s employment, individual appellee Peter J. Liacouras was Temple’s president, whose duty did not include supervising appellant. The other four individual appellees, Barbara L. Brownstein, William R.
 
 *374
 
 Tash, Margaret C. Wang, and Richard M. Englert, were Temple administrators whose respective duties included oversight of the Institute and its projects. Specifically, the Institute and its personnel were housed in a department of Temple under the supervision of Wang and Englert. Wang and Englert reported to Tash, who in turn, reported to Brownstein. Appellant was required to seek authorization from Tash, Wang, and Englert with respect to her activities on behalf of Temple. Additionally, appellant reported to Tash directly regarding the grant application.
 

 Around May of 1989, disagreement arose between appellant and her supervisors, the individual appellees named above, as to numerous aspects of the grant application and specifically, in regard to the supervision and administration of the project for which the grant was sought. After a September meeting on the matter, appellant was removed from working on the grant application and Wang then took charge of it herself. On or about October 1, 1989, appellant submitted additional information for the grant application to the federal government without consulting with any of her supervisors and without Wang’s permission. Thereafter, appellant’s name was removed from the project, the application was re-submitted, and was subsequently rejected. Shortly thereafter, in a letter dated November 30,1989, Englert advised appellant that effective December 15, 1989, Temple was discontinuing the Institute and, as such, her employment would also end on that date.
 

 Appellant then filed suit against Temple, its President and four of its administrators who supervised her alleging breach of contract, civil conspiracy, intentional interference with contract, and wrongful discharge. Thereafter the appellees filed preliminary objections to the complaint alleging that appellant was an at-will employee subject to discharge for any or no reason and that the other claims in the complaint failed to state a cause of action against them, and thereby demurring. After substantial briefing and oral argument from both sides, the trial court concluded that each count in appellant’s complaint failed to state a cause of
 
 *375
 
 action upon which she could recover. The trial court then dismissed the complaint and entered judgment against appellant. This appeal followed.
 

 On appeal, appellant alleges that the trial court committed an error of law when it sustained the preliminary objections of the appellees. Specifically, appellant contends that the trial court erred in sustaining a demurrer to each count of her complaint, alleging breach of express and implied contract, wrongful discharge, civil conspiracy, and intentional interference with contract, on the basis that each failed to state a cause of action.
 

 Appellant first claims that the trial court erred in sustaining demurrers to Counts I and II of her complaint alleging breach of express and implied contract. We disagree.
 

 In making our decision to uphold the trial court’s conclusion, we begin with the understanding that in Pennsylvania an at-will employment environment is the norm, absent a contract to the contrary, and thus, an employee can be terminated for good reason, bad reason, or no reason at all.
 
 Hershberger v. Jersey Shore Steel Co.,
 
 394 Pa.Super. 363, 575 A.2d 944 (1990);
 
 See also Darlington v. General Electric,
 
 350 Pa.Super. 183, 504 A.2d 306 (1986);
 
 Veno v. Meredith,
 
 357 Pa.Super. 85, 515 A.2d 571 (1986);
 
 Banos v. Matthews International Corp.,
 
 348 Pa.Super. 464, 502 A.2d 637 (1985). As such, in the absence of a recognized exception, we will not review an employer’s decision to discharge an employee.
 
 Robertson v. Atlantic Richfield Petroleum Products Co.,
 
 371 Pa.Super. 49, 537 A.2d 814 (1987);
 
 Veno v. Meredith, supra.
 

 The clearest exception to the rule of employment-at-will is where the employer and employee have entered into a valid contract which expresses an intention to overcome the presumption.
 
 Veno v. Meredith, supra; Banas v. Matthews International Corp., supra.
 
 This court has explained that a contract overcoming the presumption of at-will employment must be clear and definite.
 
 Veno v. Meredith, supra; Martin v. Capital Cities Media, Inc.,
 
 354
 
 *376
 
 Pa.Super. 199, 511 A.2d 830 (1986). Where the language is ambiguous or where there is not a definite contractual agreement, such language and agreements will be “strictly reviewed because of the pervasive presumption that the employment is at-will.”
 
 Id.
 

 It is important to recognize that the at-will rule is a presumption, and as such, the burden of proving that he or she is not employed-at-will rests squarely on the employee.
 
 Cummings v. Kelling Nut Co.,
 
 368 Pa. 448, 84 A.2d 323, 325 (1951);
 
 Greene v. Oliver Realty, Inc.,
 
 363 Pa.Super. 534, 526 A.2d 1192 (1987);
 
 Banas v. Matthews International Corp., supra.
 

 In the instant case, appellant merely asserts in her complaint that Temple offered her the position of executive director of its Institute for Adolescent Pregnancy and Family Services at a certain salary, that she accepted this offer, and Temple employed her in such position for seven years. However, appellant does not allege in her complaint that her employment was pursuant to a clear and definite contract providing that her term of employment was for a definite period of time. In addition, none of the words or course of conduct that appellant attributes to her former employer even approach a clear impression of intent to contract away the at-will rule. Even where we take all of appellant’s allegations as fact, along with any reasonable inferences from those facts, we still cannot conclude that appellant has met her burden of overcoming the presumption that she was hired by appellees in an at-will status. In light of the long-standing presumption that, unless established to the contrary, all employment is at the will of both the employer and employee, and that a contract overcoming this presumption must be clear and definite, we find that the trial court correctly concluded appellant failed to show that her employment with Temple was other than at-will and thereby, did not adequately plead a breach of employment contract claim. As such, the trial court acted properly when it granted the demurrer to the counts in appellant’s complaint which alleged a breach of contract.
 

 
 *377
 
 Appellant’s second contention is that the trial court erred in sustaining demurrers to Count III of her complaint which alleged that she was wrongfully discharged from her employment by Temple. In support of this contention, appellant claims that the facts in her complaint, if taken as true, established that her discharge violated public policy. We disagree.
 

 In
 
 Geary v. United States Steel Corp.,
 
 456 Pa. 171, 319 A.2d 174 (1974), our Supreme Court recognized the principle that even an employee-at-will may have a legitimate cause of action against her employer if her discharge threatens clearly mandated public policy. However, in
 
 Cisco v. United Parcel Services, Inc.,
 
 328 Pa.Super. 300, 476 A.2d 1340 (1984), a two-part test was established to determine whether the discharged employee could recover damages against an employer for wrongful discharge: First, we must decide whether any public policy is threatened. Second, even if an important public policy is involved, a discharge of an employee is lawful if the employer has separate, plausible and legitimate reasons for so doing.
 
 Id.; See also Darlington v. General Electric, supra.
 

 Thus, we must first ask whether any clearly mandated public policy is involved in the instant case. In appellant’s complaint, she avers that the termination of her employment was a violation of public policy because she refused to approve acts proposed by appellee Tash which she believed would be unlawful, i.e., the misappropriation of federal funds.
 
 [1]
 
 However, we have held that merely alleging an illegality or an attempt to avoid it is not a violation of a clearly defined mandate of public policy.
 
 See McGonagle v. Union Fidelity Corp.,
 
 383 Pa.Super. 223, 556 A.2d 878
 
 *378
 
 (1989) (when the acts to be performed turns upon a question of judgment as to its legality or ethical nature, the employer should not be precluded from conducting its business where the professional’s opinion is open to question). Moreover, a review of appellant’s complaint reveals a separate, plausible, and legitimate reason for her discharge, namely, appellant’s position as executive director of the Institute was discontinued as a result of the Institute’s closing. As such, we find that appellant has not alleged sufficient facts which would support her claim that she was wrongfully discharged in violation of a clearly mandated public policy. Therefore, we conclude that the trial court properly granted appellees’ demurrer to Count III of appellant’s complaint alleging wrongful discharge.
 

 Next, appellant contends that the trial court erred in concluding that her complaint failed to state causes of action against the individual appellees for interference with contract. We disagree.
 

 Appellant’s allegations of interference with contract appear in Counts IV, V, and VI of her complaint. Specifically, in Count IV of appellant’s complaint, she alleged that the individual defendants, Liacouras, Brownstein, Tash, Wang, and Englert, conspired to interfere with her employment contract with Temple. In Count V, she alleged that such interference was intentional and, in Count VI, appellant alleged that such interference induced Temple not to continue its perspective employment relationship with her. After careful review, we find that the above claims are deficient for the common reason that each claim fails to sufficiently make the requisite averments that the appellant had a contract or prospective contract with a third party or that the individuals’ alleged interference was unprivileged.
 

 The tort of interference with contract is defined in terms of unprivileged interference with a contract with a third party.
 
 See
 
 Restatement (Second) of Torts, Section
 
 *379
 
 766;
 
 [2]
 

 Daniel Adams Assoc. v. Rimbach Pub. Inc.,
 
 860 Pa.Super. 72, 519 A.2d 997 (1987). Essential to the right of recovery on this theory is the existence of a contractual relationship between the plaintiff and a party other than the defendant.
 
 Id.
 
 It is well settled that a corporation cannot tortuously interfere with a contract to which it is a party.
 
 Menefee v. Columbia Broadcasting System, Inc.,
 
 458 Pa. 46, 329 A.2d 216 (1974). Because a corporation acts only through its agents and officers, such agents or officers cannot be regarded as third parties when they are acting in their official capacities.
 
 Id.
 

 In the instant case, the alleged employment contract with which Liacouras, Brownstein, Tash, Wang, and Englert allegedly interfered was between appellant and Temple. All of the above named individuals were, at all relevant times, administrative officers of Temple who were acting on behalf of Temple when appellant was discharged. Although appellant’s complaint alleged that the individual defendants were “third persons” because they acted in their individual capacities at the time, it failed to allege any factual basis to sustain such an allegation. Accordingly, appellant has failed to show that a contract existed with a “third person.”
 

 Additionally, appellant has failed to assert how the alleged interference was unprivileged. Corporate officers, as well as managerial employees, by virtue of the responsibilities of their offices, are permitted to take action which would have the effect of interfering with a contractual relationship between the corporation and an employee.
 
 See DuSesoi v. United Refining Cory.,
 
 540 F.Supp. 1260 (W.D.Pa.1982);
 
 See also Wells v. Thomas,
 
 569 F.Supp. 426
 
 *380
 
 (D.C.Pa.1983) (employee’s interference with contract claim against his supervisors failed to state a valid cause of action as supervisors were privileged, as a matter of law, to take action that allegedly resulted in the termination of the employee’s employment). As such, appellant’s complaint failed to sufficiently allege that her supervisors and the president of Temple were not privileged to take the actions which allegedly resulted in termination of her employment contract with Temple. Therefore, we conclude that the trial court properly granted appellees’ demurrer to Counts IV, V, and VI of appellant’s complaint.
 

 We also affirm the dismissal of the count for civil conspiracy, Count VII of appellant’s complaint. “Absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy.”
 
 Pelagatti v. Cohen,
 
 370 Pa.Super. 422, 432, 536 A.2d 1337, 1342 (1987).
 
 [3]
 

 Finally, we affirm the dismissal of appellant’s final count for punitive damages, Count VIII of her complaint. A request for punitive damages does not constitute a cause of action in an of itself. Rather, a request for punitive damages is merely incidental to a cause of action.
 
 Feingold v. SEPTA,
 
 512 Pa. 567, 517 A.2d 1270 (1986). The trial court properly dismissed Count VIII of appellant’s complaint as it failed to state a cause of action.
 

 Order affirmed.
 

 [1]
 

 . Appellant cites to 18 U.S.C. §
 
 666
 
 as the law which would be violated. Section 666 prohibits the theft or misapplication of federal property valued at $5,000 or more, or the giving or receipt of an inducement involving anything of $5,000 value or more by an agent of an organization which receives more than $10,000 in federal funds for a one year period. Appellant claims that the above statute would be violated if Temple paid her salary from federal funds Temple may receive for a project on which she was not working.
 

 [2]
 

 . The Restatement (Second) of Torts, Section 766, which was adopted by Pennsylvania in
 
 Glenn v. Point Park College,
 
 441 Pa. 474, 272 A.2d 895 (1971), provides in pertinent part:
 

 ... One who, without a privilege to do so, induces or otherwise purposefully causes a third person not to
 

 a) perform a contract with another, or
 

 b) enter into or continue a business relation with another is liable to the other for the harm caused thereby.
 

 [3]
 

 . Appellant’s claim must also fail for the additional reason that a corporation cannot conspire with itself.
 
 See Daniel Adams Assoc. v. Rimbach Pub., Inc.,
 
 360 Pa.Super. 72, 519 A.2d 997 (1987). Generally, the acts of the agents of a corporation are the acts of the corporation.
 
 Id.
 
 In the instant case, appellant’s complaint alleging a conspiracy among Temple’s agents, the individual appellees, is, in effect, an allegation that Temple conspired with itself. Thus, in the absence of sufficient allegations for which the law permits recovery, the count in appellant’s complaint for civil conspiracy was properly dismissed.