## Sensenig v. Spring Glen Farm Kitchen Inc.

*James G. Keenan,* for plaintiff.
*Jesse R. Ruhl,* for defendants.

ALLISON, *J.,* August 4, 1992—Presently before the court for disposition are the preliminary objections of defendants' Spring Glen Farm Kitchen Inc. and Spring Glen Fresh Foods Inc., to a complaint filed by Daniel L. Sensenig, a former employee of defendants.

Sensenig's complaint was filed on May 21, 1992, and contains the following allegations: Count I is a claim for breach of employment contract, Count II alleges wrongful termination of employment, Count III alleges unfair competition and Count IV is a claim for breach of implied covenant of good faith which also contains a request for punitive damages.

Defendants filed preliminary objections to plaintiff's complaint requesting a demurrer on Counts II, III and IV and have also moved the court to strike plaintiff's claim for punitive damages contained in Count IV of the complaint. After reviewing the pleadings and briefs submitted by counsel, we sustain defendants' demurrer to the aforementioned counts of plaintiff's complaint and also strike plaintiff's claim for punitive damages.

Count II of the complaint is a claim for wrongful discharge. Pennsylvania courts will recognize a cause of action for wrongful discharge only when the employment relationship is at will. *Darlington v. General Electric,* 350 Pa. Super. 183, 504 A.2d 306 (1986); *Phillips v. Babcock & Wilcox,* 349 Pa. Super. 351, 503 A.2d 36 (1986). This is so because the wrongful discharge action in Pennsylvania was judicially created to protect otherwise unprotected employees from indiscriminate discharge and to provide unorganized workers a legal redress against improper actions by their employers. *Geary v. U.S. Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974). However, when an employment contract expressly states the duration of the employment, employment is not at will and termination can only be for just cause. *Curran v. Children's Service Center of Wyoming County Inc.,* 396 Pa. Super. 29, 578 A.2d 8 (1990); *Nix v. Temple University,* 408 Pa. Super. 369, 596 A.2d 1132 (1991).

In the instant complaint, plaintiff admits that he was employed pursuant to a written employment contract which remained in force for a specific period of time. The first numbered paragraph of the employment agreement states:

"(1) Effective immediately, Daniel [plaintiff] shall continue to be employed of Spring Glen up to and including November 1, 1994. His duties shall include but not be limited to performing executive tasks as assigned by the president of Spring Glen."

The employment agreement provides that plaintiff was to be employed until November 1, 1994. Therefore, plaintiff's employment with defendants was not at-will and we rule that he does not have available to him a cause of action for wrongful discharge.

We also sustain defendants' demurrer to Count III of the complaint which purports to state a claim for unfair competition against defendants. Plaintiff alleges that defendants' action of "wrongfully discharging" him for the stated reason of willful misconduct was an attempt by defendants to gain an unfair advantage over the plaintiff because plaintiff, as a result of being discharged for alleged willful misconduct, was denied unemployment compensation and also has had trouble securing other potential jobs in the food preparation and processing industry. We find this allegation by plaintiff totally lacking in substance.

"Unfair competition" is almost universally regarded as a question of whether the defendant is passing off his goods or services as those of the plaintiff by virtue of substantial similarity between the two, leading to confusion on the part of potential customers. *International Society for Krishna Consciousness of Western Pennsylvania Inc. v. Stadium Authority of City of Pittsburgh,* 479 F. Supp. 792 (W.D. Pa. 1979); *Morgan's Home Equipment Corp. v. Martucci,* 390 Pa. 618, 136 A.2d 838 (1957). In the present case, plaintiff is not an injured competitor but rather a discharged employee who has no legitimate legal interest which can be protected by his claim for wrongful discharge. Thus, we rule that plaintiff's claim of unfair competition is not a legally cognizable form of recovery in the instant action.

We also grant defendants' demurrer to Count IV by ruling that plaintiff has not sufficiently stated a claim for breach of implied good faith against defendants.

Section 205 of the Restatement (Second) of Contracts suggests that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance

and its enforcement."[*]  A similar requirement has been imposed upon contracts within the Uniform Commercial Code by 13 Pa.C.S. §1203.  The duty of "good faith" has been defined as "[h]onesty in fact in the conduct or transaction concerned."  See 13 Pa.C.S. §1201; Restatement (Second) of Contracts, §705, Comment a.  Furthermore, where a duty of good faith arises, it arises under the law of contracts, not under the law of torts. *AM/PM Franchise Association v. Atlantic Richfield Co.,* 373 Pa. Super. 572, 542 A.2d 90 (1988).  *Clay v. Advanced Computers Applications Inc.,* 370 Pa. Super. 497, 536 A.2d 1375 (1988), *allocatur granted,* 518 Pa. 647, 544 A.2d 959 (1988).

In this Commonwealth the duty of good faith has been recognized in limited situations.  Most notably, a duty of good faith has been imposed upon franchisers in their dealings with franchisees.  *Atlantic Richfield Co. v. Razumic,* 480 Pa. 366, 390 A.2d 736 (1978); *Loos & Dilworth v. Quaker State Oil Refining Corp.,* 347 Pa. Super. 477, 500 A.2d 1155 (1985).  It has also been imposed upon the relationship between insurer and insured.  *Gray v. Nationwide Mutual Insurance Co.,* 422 Pa. 500, 223 A.2d 8 (1966); *Gedeon v. State Farm Mut. Auto Insurance Co.,* 410 Pa. 55, 188 A.2d 320 (1963).  In *Germantown Manufacturing Co. v. Rawlinson,* 341 Pa. Super. 42, 491 A.2d 138 (1985), the Superior Court implied that there may also be a duty of good faith in connection with an employer's attempt to recoup theft losses from the wife of an employee who was responsible for the thefts. However, no court in Pennsylvania has found a separate cause of action for breach of the implied covenant

---

[*] Restatement (Second) of Contracts, American Law Institute (1979).

of good faith where the employer and employee have entered into a valid employment agreement.

Where a valid, existing employment contract exists, an employer cannot be said to have violated a separate duty of good faith other than that provided in the contract. The duty of good faith imposed upon contracting parties does not compel either party to surrender rights which it has been provided by the contract, nor does it grant either party additional rights which the contract does not provide. *Creeger Brick v. Mid-State Bank,* 385 Pa. Super. 30, 560 A.2d 151 (1989). There is no separate tort for breach of duty of good faith, and plaintiff's remedy in this matter is adequately addressed in Count I of his complaint wherein he alleged a breach of the employment agreement. For these reasons we sustain defendants' demurrer to Count IV of the complaint.

We also strike plaintiff's request for punitive damages. Pennsylvania has adopted section 908 of the Restatement (Second) of Torts and the comments thereunder regarding the imposition of punitive damages: *Martin v. Johns-Manville Corp.,* 508 Pa. 154, 494 A.2d 1088 (1985). Punitive damages are defined by section 908(1) as damages other than compensatory or nominal, awarded against a person to punish him for outrageous conduct and to deter him and others like him from similar conduct in the future. Section 908(2) provides that:

"Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant."

Punitive damages are proper when the act "imports insult or outrage, and is committed with a view to oppress or is done in contempt of plaintiffs' rights.... Punitive damages may be given when the act is done with reckless indifference, as well as, bad motive." *Delahanty v. First Pennsylvania Bank,* 318 Pa. Super. 90, 129-130, 464 A.2d 1243, 1263 (1983). Punitive damages must be based on conduct which is malicious, wanton, reckless, willful or oppressive. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984).

The imposition of damages to punish a civil defendant is appropriate only where the conduct complained of is especially egregious. Our appellate courts have indicated that we must look to the act itself, together with the circumstances, including the motive of the wrongdoers and the relations between the parties. *Martin v. Johns-Manville Corp., supra* at 170, 494 A.2d at 1096. The state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious. *Feld v. Merriam, supra* at 396, 485 A.2d at 748. We are convinced after reviewing plaintiff's complaint that insufficient allegations have been presented to substantiate the plaintiff's request for punitive damages.

Consistent herewith, we enter the following

## ORDER

And now, August 4, 1992, upon consideration of the pleadings and briefs submitted, the demurrer of defendants, Spring Glen Farm Kitchen Inc., and Spring Glen Fresh Foods Inc. to Counts II, III and IV of the complaint is sustained. We also strike the claim for punitive damages contained in Count IV of the complaint.. Plaintiff is hereby granted 20 days from the date of this order to file a second amended complaint in accordance with the rulings of this opinion, if he so desires.