**Mancini v. Yavorek**

2

C.P. of Northumberland County, no. CV-02-1414.

*Pamela L. Shipman*, for plaintiff.
*Darryl S. Wishard*, for defendant Yavorek.
*Stephanie L. Hersperger*, for defendants Lin and SUN Orthopaedic Group.
*Marc T. Levin,* for defendant Bubb.

*Robert A. Seiferth,* for defendants Kerstetter, Plaster, Figlo and Sunbury Community Hospital.

SAYLOR, *J.,* February 18, 2003—This case presents two rather interesting issues. The first is whether a physician's dictated operative note as to the counting of surgical sponges and instruments can form the basis of a claim of intentional or negligent misrepresentation where it is not alleged to have been read and relied upon by anyone. The second is whether plaintiff, in this case, has sufficiently alleged conduct supporting a claim for punitive damages as part of this medical malpractice action.

This case began on July 18, 2001 when plaintiff, Mary Mancini, was admitted to defendant Sunbury Community Hospital (SCH) for a spinal diskectomy using a transperitoneal approach. Defendant Henry Yavorek M.D., performed the initial midline abdominal incision, while defendant Paul Lin M.D., performed the diskectomy with spinal fusion. Yavorek used surgical staples to perform the tissue closure. At the time, Yavorek allegedly dictated a note indicating that all sponge and instrument counts were correct.

Shortly after surgery, plaintiff began showing symptoms of an infection. On July 22, 2001, plaintiff was sent home on an antibiotic regimen. Five days later, Lin reviewed an x-ray and indicated the surgery appeared to be successful. It is alleged the x-ray showed the presence of a foreign object in plaintiff's pelvis, but she was never informed of it by Lin nor was she treated for it. On August 14, 2001, plaintiff saw her primary care physician with complaints of continuing fevers. Three days later, plaintiff again visited Lin, at which time it is be-

lieved another x-ray was taken. On August 19, 2001, plaintiff went to the emergency room at Geisinger Medical Center, due to her fever, where x-rays were taken and a dictated report of the lumbar x-ray stated there appeared to be two retained surgical sponges or pads in the pelvic region. The next day, plaintiff underwent an exploratory laparotomy with the removal of a laparoscopy sponge and drainage of an intra-abdominal abscess.

Plaintiff was discharged from Geisinger on August 23, 2001, and continued receiving care from a visiting nurse for wound care. She was seen by her Geisinger surgeon as well as Lin on August 31, 2001, for follow-up, and her open wound was granulating well. On September 6, 2001, plaintiff was given permission by Lin to return to work. At some point, Lin allegedly told plaintiff that he thought what he viewed on the x-ray was part of her clothing.

On October 31, 2002, plaintiff filed a first amended complaint alleging a surgical sponge had been negligently left within her pelvic region during her spinal surgery July 18, 2001. Plaintiff is seeking damages against defendants Yavorek, Lin, Kerstetter, Plaster, Bubb, Figlo and SCH based upon negligence. Plaintiff further seeks damages based upon vicarious liability against defendants SCH and SUN Orthopaedic Group. Plaintiff is seeking punitive damages against Lin. Finally, plaintiff alleges negligent or intentional misrepresentation against all defendants.

On November 7, 2002, Yavorek filed preliminary objections to plaintiff's amended complaint. On November 18, 2002, Lin and SUN filed joint preliminary objections to the same amended complaint. That same day,

defendant Bubb filed preliminary objections as well. All these preliminary objections were consolidated for argument on January 10, 2003. The court will address each set of preliminary objections in turn.

Yavorek asserts two preliminary objections to plaintiff's amended complaint. The first preliminary objection is in the nature of a demurrer or, in the alternative, a motion to strike Count XI of plaintiff's amended complaint as factually and legally insufficient. In Count XI, plaintiff alleges all, or any number of, defendants knew a surgical sponge had been left inside plaintiff's body. It is further alleged the defendants failed to make an accurate count of surgical sponges used in plaintiff's procedure and thus they negligently misrepresented the count. Plaintiff finally alleges she relied to her detriment on these negligent or intentional misrepresentations, resulting in personal injuries.

A claim of intentional misrepresentation requires plaintiff to allege facts which show a material misrepresentation is made with, at least, recklessness as to its truth with the intent to mislead another who justifiably relies upon the misrepresentation to her detriment. *Bortz v. Noon,* 556 Pa. 489, 729 A.2d 555, 560 (1999) (citing *Gibbs v. Ernst,* 538 Pa. 193, 207, 647 A.2d 882, 889 (1994)). Negligent misrepresentation requires the same showing except the one representing the material fact need not have knowledge of its falsity or act with recklessness with respect to its falsity, but only make the misrepresentation under circumstances in which one ought to have known its falsity. *Id.* at 561 (citing *Gibbs,* 538 Pa. at 210, 647 A.2d at 890).

Plaintiff's amended complaint is deficient in a number of respects concerning this claim. Although this complaint alleges Yavorek made a representation, it does not allege it was received by anyone. This complaint alleges Yavorek dictated a note stating "sponge and instrument counts were correct times two." Pl.'s first am. compl. ¶¶12, 41.3.[1] However, there are no allegations that anyone ever read this note. Plaintiff also failed to allege this representation was made with any intent to cause action thereby, that anyone acted thereon, or that any reliance thereon was reasonable.

Plaintiff argues there is no requirement under the Restatement that the representation be made to plaintiff herself. The Restatement provides as follows: "One who negligently *gives false information to another* is subject to liability for physical harm caused by *action taken by the other* in *reasonable reliance* upon such information, where such harm results . . . to such third persons as the actor should expect to be put in peril by the action taken." Restatement (Second) of Torts §311 (1965). (emphasis added) Although it is true that the Restatement view eliminates the need for plaintiff to allege the representation was made to her, she must nonetheless allege that the representation was made to someone. As noted previously, plaintiff has failed to so allege. Plaintiff's amended complaint also fails to remedy the other defi-

---

1. Curiously, although Pa.R.C.P. 1019(i) requires the attachment of a copy of a writing upon which a claim is based, plaintiff has attached no such copy of this alleged operative note. Plaintiff has attached what purports to be "Sunbury Community Hospital and Outpatient Center Perioperative Record" to her brief in opposition to defendant Bubb's preliminary objections. It is not at all clear, however, whether this is the note defendant Yavorek dictated.

ciencies noted above respecting the conditions that there also be action taken and reasonable reliance on any representation.

Accordingly, Yavorek's preliminary objection with respect to Count XI must be sustained. Plaintiff shall be granted leave, however, to amend the complaint, if she possibly can, if these conditions exist but the pleading simply omitted them. It must also be noted, in the event there is further amendment of the complaint, upon reading Count XI of plaintiff's first amended complaint, it is unclear whether plaintiff is alleging intentional or negligent misrepresentation. It appears plaintiff may be pleading in the alternative. Although pleading in the alternative is permissible under the Pennsylvania Rules of Civil Procedure, the alternatives must be pled in separate counts. Pa.R.C.P. 1020(d)(1).

Yavorek's second preliminary objection is in the nature of a motion to strike paragraph 41.4 of plaintiff's first amended complaint as unsupported by facts. Plaintiff alleges in paragraph 41.4 that Yavorek "[f]ailed to provide postoperative care, including but not limited to care which would have diagnosed the retained surgical sponge, when Mary Mancini developed a fever while still hospitalized." Pl.'s first am. compl. ¶41.4. Yavorek argues this paragraph is unsupported by any material facts. Factually, this paragraph is sufficient. This paragraph specifically says Yavorek failed to provide postoperative care. By stating Yavorek failed to do anything, plaintiff has been as factually specific as is possible. See *Packrall v. Park,* 47 Fayette L.J. 68, 69 (C.P. 1984) ("When the plaintiffs plead that the defendant did nothing, this is as specific as it is possible to be.").

Yavorek further claims this paragraph is overly broad and, if not stricken, will allow plaintiff to state new claims after the statute of limitations has expired without notice of the nature of such new claims. A defendant who fails to preliminarily object to a broad, non-specific pleading runs the risk that such objection will be deemed waived if the plaintiff later amends the complaint stating new claims that merely amplify such non-specific pleading. See *e.g., Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983) (defendant waived specificity objection by answering complaint). Here, however, the claim against Yavorek is a failure to provide care. Any amendments to the complaint after the expiration of the statute of limitations will be limited to this failure to provide care. This preliminary objection is therefore denied.

Lin and SUN assert three joint preliminary objections to plaintiff's amended complaint. The first preliminary objection is in the nature of a demurrer or, in the alternative, a motion to strike Count X. Plaintiff claims, in Count X, Lin acted in a willful or wanton manner, or with reckless indifference toward the risk of harm to plaintiff. Plaintiff is therefore seeking punitive damages against Lin. Specifically, this count alleges Lin had an x-ray showing an abnormality and he consciously refused to inform plaintiff of this fact or to treat her for the same despite at least constructive knowledge of the presence of something. Lin argues plaintiff's complaint is insufficient to support a claim for punitive damages.

Pennsylvania has adopted section 908 of the Restatement (Second) of Torts as the rule of punitive damages. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984) (citing *Chambers v. Montgomery,* 411 Pa. 339, 192 A.2d

355 (1963)). Under this rule, "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Restatement (Second) of Torts §908(2) (1979). At the time of the injuries in this case, punitive damages in a medical malpractice case could be awarded for "conduct that is the result of the health care provider's willful or wanton conduct or reckless indifference to the rights of others." 40 P.S. §1301.812-A(a) (repealed 2002).[2] Conduct is recklessly indifferent when it involves "an easily perceptible danger of death or substantial physical harm, and the probability that it will so result must be substantially greater than is required for ordinary negligence." *Hall v. Jackson,* 788 A.2d 390, 403 (Pa. Super. 2001) (quoting comments to Restatement (Second) of Torts §500). "Punitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment." *Id.* (quoting *McDaniel v. Merck, Sharp & Dohme,* 367 Pa. Super. 600, 623, 533 A.2d 436, 447 (1987)). Even allegations of gross negligence are "insufficient to support an award of punitive damages." 40 P.S. §1301.812-A(b) (repealed 2002).[3]

Within this context, it is clear plaintiff has failed to sufficiently allege facts to support a claim for punitive damages. Although plaintiff alleges that Lin was aware of abnormal indications on the x-ray images, there are no allegations that Lin knew or should have known that

---

2. This subsection has been re-enacted verbatim in 40 P.S. §1303.505(a).

3. This subsection has been re-enacted verbatim in 40 P.S. §1303.505(b).

by ignoring the abnormality at that time he increased substantially the risk of harm to plaintiff. The amended complaint fails to allege the situation at that time provided to the doctor an "easily perceptible danger of death or substantial physical harm" or that the probability that such harm would result was "substantially greater" by his conduct than that which is necessary to be negligent. *Hall,* 788 A.2d at 403. While the complaint alleges facts sufficient to support a claim of ordinary negligence against Lin, it fails to allege those elements necessary to support a claim for punitive damages.[4]

Furthermore, a claim for punitive damages does not, by itself, constitute a cause of action. *Nix v. Temple University,* 408 Pa. Super. 369, 380, 596 A.2d 1132, 1138 (1991). Such a claim is "merely incidental to a cause of action." *Id.* (citing *Feingold v. SEPTA,* 512 Pa. 567, 517 A.2d 1270 (1986)). As a result, Count X must be stricken; however, plaintiff will be given one more opportunity to state a punitive damages claim, if supportable, as part of another appropriate count.

Lin and SUN's second preliminary objection is in the nature of a demurrer or, in the alternative, a motion to strike Count XI of plaintiff's first amended complaint, a misrepresentation claim. They argue the amended complaint fails to allege sufficient facts to support such a claim. Plaintiff bases this claim against Lin, in part, upon Lin's failure to tell her a sponge had been left in her body. "The deliberate nondisclosure of a material fact is the

---

4. We need not address in the present context the issue as to the application of a "reasonable man" standard, as referred to in Restatement (Second) of Torts §500, the propriety of which is not yet settled by our appellate courts as to this type of action.

same as culpable misrepresentation." *McClellan v. Health Maintenance Organization,* 413 Pa. Super. 128, 142, 604 A.2d 1053, 1060 (1992). Plaintiff makes a conclusory statement that "certainly defendant Lin knew that a surgical sponge" was left in plaintiff's wound, pl.'s first am. compl. ¶82, and failed to so inform plaintiff to her detriment. It is difficult to comprehend that plaintiff did not set forth such an allegation under her statement of facts recited in paragraphs 8 through 39 of the amended complaint, yet in Count XI, paragraph 82, she makes this bold assertion for the first time. Since the allegations of a complaint must be accepted as true for the purpose of consideration of a demurrer, the same will be overruled in view of such averment.[5]

Lin and SUN's third preliminary objection is in the nature of a motion to strike paragraphs 39, 45, 77 and 85 of the amended complaint. In these paragraphs, plaintiff alleges she suffered unspecified damages and injuries that are recoverable under Pennsylvania law. Rule 1019(f) requires that "items of special damage shall be specifically stated." Pa.R.C.P. 1019(f). General damages, or those that are the natural and ordinary consequence of

---

5. While new Rules of Civil Procedure 1042.1 through 1042.8, effective January 27, 2003, regarding a certificate of merit in professional liability actions, are not applicable to this action as it was commenced prior to their adoption, plaintiff should have some basis to support each and every allegation of a pleading to which her verification has been made under Pa.R.C.P. 1024. It would appear that a special verification under Rule 1024(b) would have been appropriate here, since the pleading contains averments that are inconsistent in fact, *i.e.,* that Lin failed to detect the sponge on the x-rays, and that the other defendants failed to notify Lin and Yavorek of the incorrect sponge counts; yet in paragraph 82, plaintiff alleges that Lin knew a sponge was left in the wound.

the tort committed, need not be specifically averred. *Parsons Trading Co. v. Dohan,* 312 Pa. 464, 167 A. 310 (1933). A complaint must contain facts sufficiently specific to allow the defendant to respond. *General Acceptance Corp. v. Wilson,* 40 Northumberland L.J. 54, 57 (C.P. 1967). "It need not, however, develop matters which are essentially evidentiary." *Id.* These unspecified injuries and damages are largely matters of evidence and are better discerned through discovery than through amended pleadings. Plaintiff will be barred from attempting to prove any special damages that have not been specifically averred. Lin and SUN's third preliminary objection is therefore denied.

Defendant Bubb's preliminary objection is in the nature of a demurrer or, in the alternative, a motion to strike Count XI of plaintiff's first amended complaint. As with the other defendants, plaintiff alleges defendant Bubb's conduct constituted intentional or negligent misrepresentation. This claim is insufficient. Plaintiff at no time alleges Bubb made a representation to anyone. As with Yavorek, plaintiff also fails to allege any representation was made with the intent that anyone act upon it, that anyone in fact acted upon it, or that any reliance upon it was reasonable. For these reasons defendant Bubb's demurrer to Count XI must be sustained as to her and plaintiff will be granted leave to amend the complaint to sufficiently state a claim of misrepresentation if she can.

Accordingly, this court enters the following:

## ORDER

And now, February 18, 2003, after consideration of defendants Yavorek, Lin, SUN and Bubb's preliminary

objections to plaintiff's first amended complaint and argument on the same, it is hereby ordered that the preliminary objections be disposed of as follows:

(1) Defendant Yavorek's preliminary objections

(a) The demurrer to Count XI is sustained with respect to defendant Yavorek.

(b) The motion to strike paragraph 41.4 is denied.

(2) Defendants Lin and SUN's preliminary objections

(a) The motion to strike Count X is granted.

(b) The demurrer to Count XI is overruled as to defendants Lin and SUN.

(c) The motion to strike paragraphs 39, 45, 77 and 85 is denied.

(3) Defendant Bubb's demurrer to Count XI is sustained as to her.

(4) Plaintiff is granted leave to amend the complaint, if she can, in accordance with the attached opinion.

