J-A14005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROXY AND HONEY, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHLAND MILL, LLC, SHAWN TOUHILL, AND RICHLANDTOWN ROAD, LLC, DAVID HOFFMAN AND ASSOCIATES, LLC, THE SHERMAN GROUP | : | No. 1721 EDA 2023 |
| | : | |
| APPEAL OF: RICHLAND MILL, LLC, SHAWN TOUHILL, AND RICHLANDTOWN ROAD, LLC | : | |

Appeal from the Order Entered June 5, 2023
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2022-00297

BEFORE:  LAZARUS, P.J., STABILE, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED AUGUST 20, 2024**

Richland Mill, LLC (Richland Mill), Shawn Touhill (Touhill), and Richlandtown Road, LLC (Richlandtown) (collectively Appellants), appeal from the June 5, 2023 order, entered in the Court of Common Pleas of Bucks County, granting in part and denying in part Roxy and Honey, LLC's (Roxy), motion for discovery and adopting the April 12, 2023 recommendation of the discovery master.  On May 31, 2024, Roxy filed an application to quash with this Court, arguing that interlocutory discovery orders cannot be appealed as of right, that Appellants did not request to proceed with an interlocutory

appeal, and that the collateral order doctrine does not apply to the instant order. After careful review, we quash in part and remand with instructions.

Roxy filed the instant complaint on January 18, 2022, following a transaction, involving the purchase of a feed mill business and the lease of the business property, between Roxy, Richland Mill, Touhill, and Richlandtown. Roxy raised claims of misrepresentation, breach of contract, promissory estoppel, and unjust enrichment against Appellants, alleging Appellants failed to fully disclose information related to the feed mill business' finances and assets. Roxy demanded a jury trial; however, the case has not been scheduled yet for trial. The parties have engaged in a lengthy discovery process and filed numerous motions. On June 27, 2022, the trial court appointed a discovery master to address all discovery-related matters in the instant case.

On April 10, 2023, Roxy filed a motion for discovery of financial condition to support a punitive damages claim. The discovery master recommended that Appellants be required to respond, and the trial court adopted the recommendation. Appellants sought reconsideration, which the trial court denied on April 25, 2023. All parties then filed memoranda of law in support of or against Roxy's motion for punitive damages. After reviewing the various briefs and memoranda, the discovery master determined that Roxy made out a *prima facie* case for punitive damages, rendering no opinion as to whether Roxy would be successful before a judge or jury at trial, and recommended that Roxy be permitted pre-trial discovery relevant to punitive damages. On

June 5, 2023, the trial court adopted the recommendation of the discovery master and allowed for discovery requests directed at Touhill only.[1]  On June 15, 2023, Appellants filed a motion to reconsider, which the trial court denied on June 23, 2023.

On June 26, 2023, Appellants filed a notice of appeal from the June 5, 2023 order allowing punitive damages discovery with the trial court.  Both Appellants and the trial court have complied with Pa.R.A.P. 1925.

Appellants raise the following questions for our review:

1.  Whether, in entering the June 5[, 2023] order, the [trial] court committed an error of law by failing to properly provide "appropriate restrictions" as to the time, scope, and dissemination of [] personal financial and net worth information as required by [Pa.R.C.P.] 4003.7, [] including, without limitation, a confidentiality order or some other similar appropriate limitation on use and disclosure.

2.  Whether, in entering its June 5[, 2023] order, the [trial] court committed an error of law by failing to properly provide "appropriate restrictions" as to the time, scope, and dissemination of [] personal financial and net worth information of *non-party* Geralyn Touhill ([] Touhill's wife) as required by Rule 4003.7, [] including, without limitation, a confidentiality order or some other similar appropriate limitation on use and disclosure.

3.  Whether, in entering the June 5[, 2023] order, the [trial] court committed an error of law by allowing punitive damages discovery, because [Roxy] has clearly elected the remedy of rescission; therefore, [Roxy] is [neither] entitled to recover punitive damages as a matter of law[,] nor conduct punitive damages-based asset discovery.

4.  Whether, in entering the June 5[, 2023] order, the [trial] court committed an error of law, because [Roxy's] proposed punitive

_____

[1] Touhill is the sole owner of both Richland Mill and Richlandtown.

damage[s] discovery . . . is overbroad [and] goes beyond that reasonably necessary to determine net worth.

5. Whether, in entering the June 5[, 2023] order, the [trial] court committed an error of law, because [Roxy] failed to establish a *prima facie* case of intentional misrepresentation. [Roxy's] alleged "badges of fraud" are all things that [Roxy] could have discovered during due diligence, and, therefore, [Roxy] cannot claim justifiable reliance based on its own failure to investigate during contractually provided due diligence. As such, [Roxy] was not entitled to conduct punitive damages-based asset discovery under Rule 4003.7[].

6. Whether the [trial] court committed an error of law by delegating responsibility to the discovery master for determining whether punitive damages discovery under Rule 4003.7[], was appropriate and permitted.

Appellants' Brief, at 7-8 (unnecessary capitalization omitted; emphasis in original).

In brief, Appellants argue that the June 5, 2023 order violates their privacy rights because it fails to include any limitations or protections, and that the trial court erred by allowing punitive damages discovery. On the other hand, Roxy asks us to quash the appeal, arguing that it does not fall under any exception to the final order rule, including the collateral order doctrine.

Initially, we must determine whether this Court has jurisdiction over the appeal. Generally, an appeal lies only from a final order, unless permitted by rule or statute. **See Shearer v. Hafer**, 177 A.3d 850, 855-56 (Pa. 2018). A final order is one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). However, we have recognized an exception to the final order rule

under the collateral order doctrine.  ***See Shearer***, 177 A.3d at 856-57; ***see also*** Pa.R.A.P. 313.

Appellants argue that, while they are appealing from an interlocutory order,[2] this Court has jurisdiction to consider it, pursuant to Rule 313, because the order allows for financial discovery, including personal tax returns and financial information.[3]  Appellants contend that orders for the production of tax returns and other personal financial information constitute appealable collateral orders.  ***See*** Appellants' Brief, at 2-3.  More specifically, Appellants' main arguments are that the trial court erred by "failing to properly provide 'appropriate restrictions' as to the time, scope, and dissemination of that personal financial and net worth information as [statutorily] required[,]" and that the court erred by allowing Roxy to pursue punitive damages discovery. Appellants' Brief, at 20-30.

---

[2] In its Pa.R.A.P. 1925(a) opinion, the trial court asserts that the instant appeal is premature and should be quashed.  Specifically, the trial court states that Appellants did not request to proceed with an interlocutory appeal from the trial court under Pa.R.A.P. 312, that this appeal does not qualify as an interlocutory appeal as of right under Pa.R.A.P. 311, and that this appeal does not fall within the parameters of the collateral order doctrine under Rule 313.

Appellants do not argue that they requested to proceed with an interlocutory appeal under Rule 312 or that the order is appealable as of right under Rule 311, and thereby confining our review to Rule 313.

[3] The discovery master determined that Roxy made out a *prima facie* case for an award of punitive damages at trial and, therefore, permitted pre-trial discovery related to that issue.  The discovery order directed Touhill, as sole owner of the business, to produce certain documents evidencing his personal wealth.

Accordingly, to invoke our jurisdiction to review Appellants' claims, the order must satisfy the requirements of the collateral order doctrine. Under Rule 313, a reviewable collateral order is one that is "[1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." *Shearer*, 177 A.3d at 857 (quoting Pa.R.A.P. 313(b)). Such orders are appealable as of right. *Id.*

> The first prong, separability, occurs when we can address the issue surrounding the disputed order without analyzing the ultimate issue in the underlying case. As for the second prong, importance, it is not sufficient that the issue be important to the particular parties. Instead, the issue must involve rights deeply rooted in public policy going beyond the particular litigation at hand. We must interpret the collateral order doctrine narrowly, and each of the above prongs must be clearly present for us to deem an order collateral.

*Cabot Oil*, 241 A.3d at 1196-97 (citations and quotation marks omitted). "[W]ith regard to the third prong. . ., our Supreme Court explained that whether a right is adequately vindicable or effectively reviewable, simply cannot be answered without a judgment about the value interests that would be lost through rigorous application of a final judgment requirement." *Bogdan v. Am. Legion Post 153 Home Ass'n*, 257 A.3d 751, 755-56 (Pa. Super. 2021) (citation omitted).

Upon on review, we conclude that Appellants have satisfied all three prongs of the collateral order doctrine as it applies to their privacy rights. As to the first prong, we may analyze the issue of whether the trial court set forth

appropriate restrictions to the punitive damages discovery order without analyzing the underlying case, wherein Roxy raises claims of misrepresentation, breach of contract, promissory estoppel, and unjust enrichment. *See Cabot Oil*, 241 A.3d at 1197; *see also Thackray-Tadley v. WTA Real Estate Mgmt. Co.*, 299 A.3d 901, *6 (Pa. Super. 2023) (Table) (determining individual tax returns are separable from underlying claims regarding dissolution of entities).[4] Appellants meet the second prong because they have a significant privacy interest in their tax returns. *See* Appellants' Brief, at 4. Finally, were Appellants' tax information information to be obtained through discovery without any confidentiality restrictions, Appellants would be without recourse if the information became publicly available. *See Cabot Oil*, 241 A.3d at 1197; *see also Holland v. Physical Therapy Inst., Inc.*, 296 A.3d 619, *21-22 (Pa. Super. 2023) (Table) (collateral order doctrine met when addressing discovery requests for tax returns, bank record, and net worth documents). Therefore, Appellants' appeal as to this element of the discovery order satisfies the collateral order doctrine and we may proceed to review Appellants' claims.

Appellants first claim that the trial court erred by failing to provide appropriate restrictions in its June 5, 2023 order, particularly as required by Rule 4003.7, including a confidentiality order or other appropriate limitation on use and disclosure.

_____

[4] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of Superior Court filed after May 1, 2019, may be cited for persuasive value).

Pursuant to Rule 4003.7, "[a] party may obtain information concerning the wealth of a defendant in a claim for punitive damages only upon order of court setting forth appropriate restrictions as to the time of the discovery, the scope of the discovery, and the dissemination of the material discovered." Pa.R.C.P. 4003.7. This Court has upheld punitive damages discovery orders that included proper Rule 4003.7 restrictions, *see Cabot Oil*, 241 A.3d at 1200, and also reversed and remanded orders for the inclusion of proper restrictions when lacking Rule 4003.7 restrictions. *See Holland*, 296 A.3d 619, at *24.

Here, the order at issue states:

[T]he Recommendation of the Discovery Master dated April 12, 2023[,] is hereby adopted as the Order of this Court.

Plaintiff's motion for discovery of defendants' financial condition in support of punitive damages claim is **granted** in part and **denied** in part. Within twenty (20) days from the date of this order, defendants shall be required to respond to the discovery requests directed to defendant [] Touhill but shall not be required to respond to the discovery requests directed to the other defendants.

Order, 6/5/23 (unnecessary capitalization omitted, emphasis original). Further review of the discovery master's recommendation includes the following limiting language:

As to defendants' contention that plaintiff's proposed punitive damage discovery is overbroad and goes beyond what is reasonably necessary to determine net worth, the discovery master agrees that some of the discovery requests are duplicative and/or not sufficiently relevant to the issue of net worth to require defendants' response. In this regard, the discovery master recommends that only discovery requests directed to [] Touhill require a response from defendants.

Recommendation of Discovery Master, 6/1/23, at 3 (unnecessary capitalization omitted). While the order appears to limit the scope and time, agreeing to Roxy's request, it does not include any appropriate restrictions as to the dissemination of the material as required by Rule 4003.7. **See Holland**, 296 A.3d 619, at *24. Thus, the court erred by failing to include appropriate restrictions on the discovery of Touhill's personal financial information and, accordingly, we must remand for the trial court to impose such restrictions on any punitive damages discovery.

Next, Appellants cannot appeal the order on the basis that it infringes on the privacy rights of non-party Geralyn Touhill because they "lack standing to assert the alleged deprivation of another's rights." **Cabot Oil & Gas Corp. v. Speer**, 241 A.3d 1191, 1196 (Pa. Super. 2020) (citing **Commonwealth v. Butler**, 291 A.2d 89, 90 (Pa. 1972)). Therefore, Appellants' second claim is quashed.

In their third claim, Appellants argue that the trial court erred by allowing Roxy punitive damages discovery because Roxy "clearly elected" the remedy of rescission. Appellants' Brief, at 21. Appellants argue that because Roxy has pursued rescission as an option, Roxy is therefore not entitled to recover punitive damages or conduct discovery related to punitive damages. **See id.** at 22-23, 29-30. Appellants' claim is premature.

Claims of fraud or misrepresentation may allow for the recovery of punitive damages. **See Smith v. Renaut**, 564 A.2d 188, 192-93 (Pa. Super. 1989). Generally, with respect to damages, a "plaintiff in an action for fraud

may recover all actual losses caused by the defendant's fraud. The plaintiff may also recover punitive damages where there are aggravated circumstances." *Id.* at 193 (Pa. Super. 1989) (citations omitted). "[F]or punitive damages to be awarded[,] there must be acts of malice, vindictiveness[,] and a wholly wanton disregard of the rights of others." *Id.* Requests for punitive damages do not stand as independent causes of action, but rather should be made as part of the relief requested. *See Nix v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, 596 A.2d 1132, 1138 (Pa. Super. 1991). "[T]he purpose of punitive damages is to punish outrageous and egregious conduct done in a reckless disregard of another's rights; it serves a deterrence as well as a punishment function." *Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639 (Pa. Super. 1997).

Upon our review, at the time of filing this appeal, the trial court had not ruled specifically on the appropriateness of punitive damages, nor had the court indicated which of Roxy's claims could support a punitive damages award. Therefore, it is premature to speculate whether Roxy has elected the remedy of rescission or punitive damages. We, thus, leave for the trial court to determine whether Roxy has elected a remedy that would prohibit punitive damages, and so Appellants' third claim, that Roxy is not entitled to recover punitive damages because it clearly elected the remedy of rescission, is premature. *See Holland*, *supra*. On remand, the court must determine whether allowing for punitive damage discovery is appropriate.

Next, we discern that Appellants' fourth, fifth, and sixth claims are ineligible for interlocutory review, insofar as they each request this Court to go beyond the scope for which we granted collateral review. Not one of the three claims relates to the privacy interest involving a right too important to be denied review. *See Shearer*, *supra*; *Cabot Oil*, *supra*. Further, Appellants' fifth claim is not separable from the main cause of action, as it asks us to address the underlying cause of action—namely Roxy's claims of misrepresentation. *See Shearer*, 177 A.3d at 858 (discussing first prong of collateral order doctrine); *Cabot Oil*, 241 A.3d at 1196-97 (the same). Moreover, no rights are irreparably lost if Appellants' final three claims are postponed until final judgment in the case. *See Shearer*, *supra*. Accordingly, Appellants have failed to invoke our jurisdiction with respect to the above claims.[5] *See Shearer*, *supra*. Therefore, claims four, five, and six are quashed.

Appeal quashed in part. Order reversed for the inclusion of proper Rule 4003.7 restrictions. Case remanded with instructions. Jurisdiction relinquished.

_____

[5] In addition, in light of our disposition of Appellants' first claim, our instructions on remand may sufficiently address these concerns.

- 11 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/20/2024</u>